UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                         )
ASTRAZENECA LP,                                          )
                                                         )
                    Plaintiff,                           )   Civ. Action No. 04-1332 - KAJ
                                                         )
        -against-                                        )
                                                         )
TAP PHARMACEUTICAL PRODUCTS INC.,                        )
                                                         )
                    Defendant.                           )
                                                         )
---------------------------------------------------------x

## AMENDED PROTECTIVE ORDER

The Court hereby finds the following facts -- to which the parties stipulate and agree -- to be true:

1. The parties produce and market prescription drugs for the treatment of acid reflux disease and directly compete in the market for the sale of said drugs;

2. Both parties maintain a large volume of proprietary information and data – including but not limited to research and development data, profit data, clinical data, and marketing and market research data – that are proprietary and which, if disclosed, would provide the other party with a competitive advantage and would injure or destroy the value of the information to the owner;

3. The parties recognize that they may be required to produce such confidential information to each other in this action;

4. The parties agree that no competitive advantage should be gained by the use of such disclosed confidential information; accordingly,

1115958v2

**IT IS HEREBY ORDERED THAT:**

1. Any party or third-party producing discovery material may designate as "Confidential" any documents, testimony or other discovery material that contains information that (a) has been held in confidence by the producing party and (b) is not in the public domain. Any party may designate as "Highly Confidential" any documents, testimony or other discovery material that qualifies as Confidential and also contains highly sensitive proprietary information such as product formulations, existing or future marketing plans, existing or future research and development plans, unpublished clinical trial data and market forecasts. Any party may designate as "Attorneys Eyes Only" any documents, testimony or other discovery material that contains profit data, or data that could lead to discerning the parties' profits. No designation shall be made unless counsel for a party believes in good faith that the designated material is entitled to the designated protection. "Confidential," "Highly Confidential" and "Attorneys Eyes Only" material, as used in this Protective Order, shall refer to any so designated discovery material, all copies thereof, and the information contained in such material. Nothing in this Protective Order, including the foregoing examples of "highly sensitive proprietary information," is an admission by either party that information to which this Order may apply is either relevant or discoverable. Nothing in this Protective Order shall prevent the parties from using or disclosing their own "Confidential," "Highly Confidential" or "Attorneys Eyes Only" materials.

2. Discovery material designated "Confidential" shall be maintained in confidence by the party to whom it is produced and shall not be given, shown, made available, communicated or in any way disclosed to any person except:

   a. the Court, court reporters, and court personnel, in any further proceeding herein;

1115958v2

b. the parties' in-house and outside attorneys who are actively engaged in the prosecution or defense of this action and those persons employed in the course of assisting such attorneys, namely paralegals, secretaries, and other office personnel;

c. independent services employed by the attorneys for the parties to assist in this action, such as contract legal services, copy services, translation services, data coding, entry and retrieval services, graphics and exhibit services, and jury and trial consultant services;

d. no more than five (5) employees selected by the non-designating party to assist it in the litigation of this case, provided that each such employee has signed an undertaking in the form of Exhibit A hereto. If either party needs to include additional employees in this group, it shall make a request to the other party identifying its reasons therefor; consent for such requests shall not be withheld unreasonably;

e. outside consultants and experts engaged to assist in the prosecution or defense of the claims in this action, provided that each such consultant or expert has signed an undertaking in the form of Exhibit A hereto, to be retained by counsel for the non-designating party;

f. any other persons as the parties may agree to in writing or as the Court may, upon hearing, so direct.

3. Discovery material designated "Highly Confidential" shall be maintained in confidence by the party to whom it is produced and shall not be given, shown, made available, communicated or in any way disclosed to any person except those persons identified in subparagraphs a, b, c, e and f of paragraph 2.

4. Discovery material designated "Attorneys Eyes Only" shall be maintained in confidence by the party to whom it is produced and shall not be given, shown, made available, communicated or in any way disclosed to any person except identified in subparagraphs a, c, e and f of paragraph 2, as well as Kenneth Greisman and George C. Kokkines of TAP Pharmaceutical Products Inc., and Jeffrey Fleming and Glen Engelmann of AstraZeneca LP. If

either party needs to change these designated employees, it shall make a request to the other party identifying its reasons therefor; consent for such requests shall not be withheld unreasonably.

5. No designation of material as Confidential, Highly Confidential or Attorneys Eyes Only shall be effective unless there is placed or affixed on such material a CONFIDENTIAL, HIGHLY CONFIDENTIAL or ATTORNEYS EYE ONLY notice or the equivalent. Any Confidential, Highly Confidential or Attorneys Eyes Only designation that is inadvertently omitted during document production may be corrected retroactively by written notification to counsel for the non-designating party.

6. Pages of deposition transcripts may be designated as containing Confidential, Highly Confidential or Attorneys Eyes Only material under this Protective Order by so notifying the court reporter at the deposition or by sending a notice to that effect within ten (10) days from the date the deposition transcript becomes available to the designating party. During this ten (10) day period, the transcript shall not be disclosed by any non-designating party to persons other than those persons named or approved according to paragraphs 2-4 herein.

7. All discovery material, whether or not designated Confidential, Highly Confidential or Attorneys Eyes Only, shall be used solely in connection with the presentation or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose.

8. In the event of any inadvertent production of material that is subject to the attorney-client privilege or other privilege or protection that otherwise would entitle the producing party to withhold production of the material, the receiving party shall not raise any argument of waiver of the privilege or protection and shall promptly return the material (and any

1115958v2

copies) to the producing party upon the producing party's request, so long as the producing party timely (with regard to the producing party's discovery of the inadvertent production) requests return of the material.

9. All Confidential, Highly Confidential and Attorneys Eyes Only material shall be stored under the direct control of counsel of record and in-house counsel (when such materials are transmitted to them), who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order. At the conclusion of this action, including any appeals, all Confidential, Highly Confidential and Attorneys Eyes Only material remaining subject to this protective Order, and all photocopies thereof (including those provided to outside experts or other third parties) shall, upon written request within thirty (30) days of the conclusion of this action, including any appeals, be returned to the producing party (or, if the parties agree, destroyed), except that (a) neither party shall be obliged to return any discovery material (or any photocopies thereof) that were admitted into evidence at trial.

10. Confidential, Highly Confidential or Attorneys Eyes Only material filed with the Court in this action, and all pages or parts of court papers purporting to reproduce, paraphrase or disclose such material, shall be ~~maintained in camera~~ filed *KAJ* ~~by filing the same~~ in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL PURSUANT TO COURT ORDER," and a statement substantially in the following form:

> "This envelope contains CONFIDENTIAL INFORMATION filed in this case by [name of party] and is not to be opened nor the contents thereof displayed or revealed, except by order of the Court."

1115958v2

11. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

    a. was, is or becomes public knowledge, not in violation of this Protective Order;

    b. is acquired by a non-designating party from a third party having the right to disclose such information or material; or

    c. was lawfully possessed by a non-designating party (or its counsel) prior to disclosure by the producing party.

12. Nothing in this Protective Order, or in the consent of the parties appended thereto, shall foreclose or limit any party from asserting that any information designated as Confidential, Highly Confidential or Attorneys Eyes Only pursuant to this Protective Order is not, in fact, entitled to protection under this Protective Order, in which case the producing party shall bear the burden of establishing the confidential nature of the information. If any challenge cannot be expeditiously resolved by agreement, any party may apply for appropriate ruling from the Court, but the designated information shall be treated as Confidential, Highly Confidential or Attorneys Eyes Only, as designated, until the Court makes its ruling.

13. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use in open court any Confidential, Highly Confidential or Attorneys Eyes Only material, provided that if a party intends to use any Highly Confidential or Attorneys Eyes Only material in open court, reasonable advance notice of such intended use shall be given to counsel for the designating party, which may apply to the Court for further protection of the confidentiality of such material.

14. This Protective Order is without prejudice to the right of any party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions

1115958v2

provided herein. Nothing contained in this Protective Order shall prevent the parties from reaching agreement to amend this Protective Order, subject to approval of the Court.

15. Other Proceedings: By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

Dated: May 4, 2005

By: _____
The Honorable Kent A. Jordan
United States District Judge

APPROVED:

_____
Josy W. Ingersoll, Esq. (I.D. #1088)
John W. Shaw, Esq. (I.D. #3362)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

_____
Steven J. Balick, Esq. (I.D. #2114)
John G. Day, Esq. (I.D. #2403)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

_____
Harold P. Weinberger, Esq.
Jonathan M. Wagner, Esq.
Kerri Ann Law, Esq.
KRAMER LEVIN NAFTALIS &
    FRANKEL LLP
919 Third Avenue
New York, New York 10022

*Attorneys for Plaintiff AstraZeneca L.P.*

_____
Thomas C. Morrison, Esq.
Karla G. Sanchez, Esq.
Blair Axel, Esq.
PATTERSON, BELKNAP, WEBB &
    TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

*Attorneys for Defendant-Counterclaimant
TAP Pharmaceutical Products Inc.*

8

1115958v2

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               )
ASTRAZENECA LP,                                                )
                                                               )
                    Plaintiff,                                 )    Civ. Action No. 04-1332 - KAJ
                                                               )
        -against-                                              )
                                                               )
TAP PHARMACEUTICAL PRODUCTS INC.,                              )
                                                               )
                    Defendant.                                 )
                                                               )
---------------------------------------------------------------x

## AGREEMENT CONCERNING MATERIAL
## COVERED BY PROTECTIVE ORDER

The undersigned has carefully read the Protective Order entered in this action and agrees to comply with the provisions of said Order. The undersigned shall, upon written request to parties' counsel within thirty (30) days of the conclusion of this action, including any appeals, return all production documents or production things designated as containing Confidential or Highly Confidential material and remaining subject to the Protective Order, and all copies thereof, except that the undersigned shall not be obliged to return any production documents or production things (or copies thereof) that were admitted into evidence at trial (unless such documents or things were sealed at trial by the Court).

The undersigned understands that any violation of the Protective Order may be punishable as contempt of court, and agrees to submit to the jurisdiction of the U.S. District Court for the District of Delaware so that an appropriate penalty can be imposed if the Protective Order is violated.

1115958v2

Dated: _____, 2004.

                                                      _____
                                                      Signature

                                                      Name:_____

                                                      Title:_____

                                                      Employer:_____

                                                      Address:_____

                                                               _____

                                                               _____

1115958v2