IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1332-KAJ |
| | ) |
| TAP PHARMACEUTICAL PRODUCTS INC., | ) |
| | ) |
| Defendant. | ) |

**MOTION TO AMEND SCHEDULING ORDER**

Defendant TAP Pharmaceutical Products Inc. ("TAP") hereby moves for an extension of certain deadlines set forth in the January 12, 2005 Scheduling Order (D.I. 52) in this action, but *not* of the dates set for the pretrial conference and trial of this matter. The reasons for this motion follow:

**Document Discovery**

1. To date, the parties have collected, reviewed and exchanged all hard copy document discovery. TAP's production fully responded to most of AstraZeneca's requests and included the relevant clinical studies, all market research regarding the "Better is Better" advertising campaign, most of the requested advertising, and documents sufficient to show its sales, market share and profits.

2. TAP also served four subpoenas, to which responses are substantially complete.

3. By the end of the week, the parties will have completed the exchange of all expert consumer surveys and reports.

## **Electronic Discovery**

4.   The parties agreed to the type and scope of electronic discovery to be exchanged. Although the issues in this case are straight-forward, and TAP's role in the dispute is limited, the amount of electronic discovery collected as a result of the parties' agreement is staggering. TAP has collected hundreds of gigabytes of data (the equivalent of millions of pages) that must first be converted into .tiff images, a lengthy process. TAP will then have to review these millions of pages before producing them, most of which are not even relevant to this dispute.

5.   Although the parties have used their best efforts to limit the amount of electronic discovery to be exchanged, the magnitude of the electronic production required of TAP is enormous.

6.   Although AstraZeneca recently represented that it was prepared to produce all of its electronic documents by the end of the week, unfortunately, TAP is not in the same position. TAP will be able to produce its electronic discovery by the current discovery cut-off date of September 30, 2005. However, TAP is concerned that this will not be a fair and efficient way of conducting discovery because depositions would have to be conducted prior to the completion of the production of these electronic documents.

## The Proposed Extension

7.  In order to avoid the dilemma of commencing deposition discovery on an incomplete documentary record, TAP offers the following proposal for the completion of discovery, expert reports and summary judgment motions:

| Item to be Extended: | From: | To: |
| --- | --- | --- |
| Discovery Cut Off | September 30, 2005 | November 23, 2005 |
| Supplemental Expert Declarations/Reports and TAP's Damages Expert Report | June 30, 2005 | October 3, 2005 |
| Rebuttal Expert Reports and AstraZeneca's Rebuttal Damages Expert Report | August 1, 2005 | October 31, 2005 |
| Summary Judgment Motion | October 17, 2005 | December 12, 2005 |
| Summary Judgment Response | November 7, 2005 | January 6, 2006 |
| Summary Judgment Reply | November 21, 2005 | January 20, 2006 |

8.  Considering holidays and taking into account different calendar breaks, this schedule essentially moves all dates forward by two months. The proposed schedule keeps the same amount of time in between each motion filing (giving TAP a bit extra given the intervening holidays), as well as most of the time between the filing of expert reports. This schedule will allow sufficient time to complete the remaining discovery needed to prepare the case for trial without altering the current dates for the pretrial conference or trial.

9.  Although the proposed schedule does shorten to approximately 10 weeks the amount of time between the completion of summary judgment briefing and the

3

pretrial conference, the parties do not foresee burdening the Court with either numerous or complex summary judgment motions. TAP does not intend to file any summary judgment motions, and AstraZeneca has indicated that it may file a summary judgment motion on only one or two of the claims.

### Conclusion

10. Wherefore, TAP respectfully requests that the Court enter the attached Amended Scheduling Order.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
Sbalick@ashby-geddes.com
Jday@ashby-geddes.com

*Attorneys for Tap Pharmaceutical Products Inc.*

*Of Counsel:*

Thomas C. Morrison
Karla G. Sanchez
Deborah K. Steinberger
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Dated: June 29, 2005
159026.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that counsel have attempted to reach agreement concerning a proposed amended schedule, but that an agreement could not be reached.

*/s/ John G. Day*
_____

John G. Day

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2005, the attached **MOTION TO AMEND SCHEDULING ORDER** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>1000 West Street<br>17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| Harold P. Weinberger, Esquire<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY  10036 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
John G. Day