IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1332-KAJ |
| | ) |
| TAP PHARMACEUTICAL PRODUCTS INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED SCHEDULING ORDER

This ____ day of _____, 2005, the Court having considered defendant's motion to amend the original scheduling order in this action and plaintiff's response thereto;

IT IS ORDERED that the following dates and procedures shall apply:

1. <u>Discovery</u>

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by fact and expert deposition upon oral examination.

    b. <u>Location of Deposition</u>. The parties agree that all depositions will occur in New York, New York or Wilmington, Delaware

    c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before November 23, 2005. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>. Supplemental expert reports and defendant's damages expert report shall be served on or before October 3, 2005. Rebuttal expert

reports and plaintiff's rebuttal damages expert report shall be served on or before October 31, 2005. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by, motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.    <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

2.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

3.    <u>Interim Status Report</u>. On July 6, 2005, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

4.    <u>Status Conference</u>. On July 13, 2005, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the

interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

    5.    <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before December 12, 2005.  Answering briefs will be served and filed on or before January 6, 2006, and any reply brief shall be served and filed on or before January 20, 2006.  Briefs must be served no later than 6 p.m. on the due date by hand and email to local counsel and by email to New York counsel.

    6.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    7.    <u>Pretrial Conference</u>.  On March 30, 2006, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanied the original Scheduling Order on or before March 2, 2006.

    8.    <u>Motions in Limine</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

9. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

10. <u>Trial</u>.  This matter is scheduled for an 6-day jury trial beginning at 9:30 a.m. on or about April 24, 2006.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 15 hours to present their case.

_____<br>United States District Judge

159036.1