# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 6, 2005

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

**Via Electronic Mail**

Re: **AstraZeneca LP v. TAP Pharmaceutical Products, Inc. (Civ. No. 04-1332)**

Dear Judge Jordan:

We represent defendant and counterclaim plaintiff TAP Pharmaceutical Products, Inc. ("TAP"), and pursuant to the Court's January 12, 2005 Scheduling Order write to provide an Interim Status Report on the case. Currently, the parties are scheduled to appear telephonically before the Court on Wednesday, July 13, 2005 at 4:30 p.m.

## Expert Reports

1. On January 31, 2005 and March 18, 2005, respectively, TAP served two survey expert reports, both by Thomas D. Dupont, Ph.D. – <u>Consumer Perception Test of Nexium "Man Talks About Better"</u> and <u>Consumer Perception Test of Nexium Internet Ad</u>. By agreement of the parties, AstraZeneca's time to serve a rebuttal report was extended to May 13, 2005, and on that date AstraZeneca served a rebuttal report by Michael Rappeport, titled <u>Commentary on Two Surveys by Tom DuPont As Part of a Discussion of Public Understanding of What the Ads Communicate</u>. On June 30, 2005, by agreement of the parties, TAP served two reply reports to Rappeport's Commentary by Susan Schwartz McDonald, Ph.D. and Dr. DuPont.

## Third Party Discovery

2. In early March, TAP served four third party subpoenas on market research and advertising firms that work on AstraZeneca's Nexium brand advertising. The parties have substantially complied with the subpoenas, with the production of electronic documents by one third party yet to be completed.

## Written Discovery

3. The parties have exchanged written discovery requests and responses and on April 22, 2005, the parties exchanged production of hard copy documents. For TAP, this

The Honorable Kent A. Jordan
July 6, 2005
Page 2

production included documents responsive to most of AstraZeneca's requests, including the relevant clinical studies, any market research regarding the "Better is Better" advertising campaign, most of the requested advertising, and documents sufficient to show its sales, market share and profits.

       4.     AstraZeneca's production included clinical information, published papers, and market research, copy testing, and general strategy documents from AstraZeneca's advertising firm, Saatchi & Saatchi. AstraZeneca has yet to produce internal and external communications regarding the "Better is Better" campaign, relevant marketing plans, and financial information. TAP expects that AstraZeneca will produce these categories of documents in its electronic production.

       5.     The parties have one open discovery issue related to AstraZeneca's request that TAP produce all documents pertaining to the testing of Prevacid in which the endpoints concerned the healing or maintenance of erosive esophagitis, regardless of the involvement in the study of Nexium. TAP has offered a compromise and is awaiting a response from AstraZeneca.

**Mediation**

       6.     On May 31, 2005, the parties participated in a mediation before Judge Mary Pat Thynge. Despite their best efforts, the parties were not able to resolve their dispute.

**Electronic Discovery**

       7.     The parties have engaged in numerous phone conferences to negotiate the type and scope of electronic discovery to be exchanged. Given the straight-forward issues in this case and TAP's limited role in the dispute – AstraZeneca does not state a claim against TAP – the amount of electronic discovery collected as a result is overwhelming. TAP has collected hundreds of gigabytes of data (which translates into millions of pages) that must first be processed into .tiff images, a lengthy process in itself. TAP is in the process of reviewing millions of pages of electronic data, most of which are not even relevant to this dispute.

       8.     Once the scale of the electronic document collection was revealed, TAP attempted to work with AstraZeneca to further limit the amount of electronic discovery. These issues were not completely resolved until recently. Even with all the agreed-upon limitations – a narrow set of custodians and numerous search terms – the review of electronic discovery is proving to be an extremely burdensome and timely undertaking. TAP intends to make its first production at the end of this week and is attempting to complete the production as soon as possible, and will do so before the September 30, 2005 discovery cut-off date.

The Honorable Kent A. Jordan
July 6, 2005
Page 3

**Motions**

        9.    Given the extraordinary amount of electronic discovery, TAP filed a Motion to Amend the January 12, 2005 Scheduling Order. AstraZeneca's reply is due July 14, 2005.

**Depositions**

        10.    TAP anticipates serving deposition notices once it has received AstraZeneca's electronic document production.

        Respectfully,

        /s/ *John G. Day (I.D. #2403)*

        John G. Day

JGD/dmf
159199.1

c:    Clerk of the Court (by ECF file and serve)
      Josy W. Ingersoll, Esquire (by hand)
      Harold P. Weinberger, Esquire (via Federal Express)
      Thomas C. Morrison, Esquire (via Federal Express)