IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------- X
ASTRAZENECA LP,                    )
                                   )
            Plaintiff,             )   C.A. No. 04-1332-KAJ
                                   )
      - against -                  )
                                   )
TAP PHARMACEUTICAL PRODUCTS, INC., )
                                   )
            Defendant.             )
---------------------------------- X

**PLAINTIFF-COUNTERCLAIM DEFENDANT ASTRAZENECA LP'S
RESPONSE TO DEFENDANT-COUNTERCLAIM PLAINTIFF
TAP'S MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiff-counterclaim defendant AstraZeneca LP respectfully submits this response to the motion by defendant-counterclaim plaintiff TAP Pharmaceutical Products, Inc. ("TAP") to extend certain interim deadlines set forth in this Court's January 12, 2005 Scheduling Order (D.I. 52), but not to extend the dates set for the pretrial conference and trial of this matter. As explained below, AstraZeneca will be seriously and unfairly prejudiced by the extension of the interim dates without also adjourning the trial date, as TAP suggests.

**Discovery to Date**

1.      In early March 2005, the parties agreed to a discovery protocol. Among other things, both parties agreed (i) to limit email searches to certain identified employees from each company; (ii) to search only active electronic data; and (iii) to a list of search terms for electronic discovery. The parties further agreed to complete document discovery by April 21, 2005.

2.      In April 2005, it became clear that both parties would need additional time to complete electronic discovery. Accordingly, on or about April 21, 2005, both parties limited

their document exchange to hard copy documents. AstraZeneca produced 2,028 documents; TAP produced 245 documents.

3. While working on its review and production of hard copy documents, AstraZeneca simultaneously worked on the arduous process of collecting electronic data that contained the agreed-upon search terms. By mid-April, AstraZeneca completed the process of acquiring the electronic data and converting it to readable images. While that amounted to well over one million pages, AstraZeneca diligently conducted its review and is currently prepared to exchange responsive electronic documents with TAP.

4. In contrast, at this late date, TAP appears to have only *acquired* its electronic data. TAP has yet to "convert [that data] into .tiff images, a lengthy process" or "review these millions of pages" of documents. (D.I. 67, ¶ 4). While TAP complains that the "amount of electronic discovery collected as a result of the parties' agreement is staggering," TAP admits that it agreed to the discovery protocol that yielded such results. AstraZeneca has overcome similar difficulties. TAP claims that it will not be able to produce its electronic discovery until "the current discovery cut-off date of September 30, 2005."

5. On Friday, July 8, TAP made a first production of electronic discovery. AstraZeneca will promptly make a similar production.

6. Both parties have exchanged expert reports concerning consumer surveys, but have not exchanged any other expert reports, including science expert reports (beyond that submitted in connection with the preliminary injunction hearing) or damage expert reports. Additionally, three of four third-parties have completely responded to subpoenas served by TAP.

### TAP's Proposed Extension Severely Prejudices AstraZeneca

7. TAP seeks to extend certain interim dates in the Scheduling Order, while retaining the original trial date, by compressing the amount of time originally contemplated for

- 2 -

the parties to analyze electronic documents, conduct fact and expert depositions, and exchange expert reports, and by compressing the Court's time to render a decision on dispositive motions. As explained below, however, TAP's proposal on how to extend the interim dates without affecting the original trial date is based on erroneous, and at times inconsistent, assumptions. Critically, it severely prejudices AstraZeneca's ability to defend itself in this litigation.

8.   First, TAP shortens the time contemplated from the production of documents to the close of discovery from five months to two months, drastically cutting AstraZeneca's time to analyze electronic documents and to conduct necessary fact depositions. TAP appears to justify this suggested change by claiming that its hard copy document production of 245 documents "fully responded to most of AstraZeneca's requests," (D.I. 67, ¶ 1), thus implying that its electronic production simply will be cumulative. But in no way has TAP claimed that it has produced anything close to all of the requested documents; the mere fact that it has produced some document or documents that respond to "most" of AstraZeneca's requests is insufficient to satisfy its discovery obligations. TAP also (i) has not yet converted its electronic data into readable .tiff images; (ii) has not reviewed its electronic data; and (iii) does not know what documents AstraZeneca intends to rely upon to defend itself in this litigation. While neither AstraZeneca nor TAP knows the significance of TAP's electronic discovery, it is certainly likely that many relevant documents will be located in the pages obtained through the agreed-upon key word search. Additionally, if TAP anticipates that it will need another three months simply to review its own electronic documents, it is unfair and prejudicial to expect AstraZeneca to analyze these documents and conduct necessary depositions within two months from the date of their production.

9.   Second, TAP shortens the time between document production and the first exchange of expert reports from two months to one business day, leaving no time for

AstraZeneca to analyze electronic documents or conduct appropriate fact depositions in advance of the deadline for exchanging expert reports. This proposal is inconsistent with TAP's own admission that the current schedule is not a "fair and efficient way of conducting discovery," because it requires depositions to be conducted prior to its "completion of the production of these electronic documents." (D.I. 67, ¶ 6). If it is unfair to conduct depositions prior to the completion of document discovery, requiring expert reports to be due one business day after production of electronic documents and before any fact depositions is likewise unfair. TAP's proposal compounds, rather than solves, the problem.

10.    Third, TAP proposes to shorten the original time to conduct expert depositions from two months to four weeks. Because there may be up to ten experts in this action (5 medical experts who submitted declarations for the preliminary injunction hearing, 2 damage experts, and 3 survey experts), it is unfair and prejudicial to expect AstraZeneca to absorb the final expert reports and conduct 10 expert depositions in 19 business days.

11.    Fourth, TAP shortens the Court's time to consider dispositive motions by approximately 10 weeks,[*] suggesting that the change should not present an undue burden on the Court because TAP is not planning on submitting a dispositive motion and AstraZeneca is considering "a summary judgment motion on only one or two of the claims," which will not be "numerous or complex." (D.I. 67, ¶ 9). But the parties have not completed document discovery or conducted any depositions, and it is thus far too early to determine whether the motions will be "numerous" or "complex." Based on documents already produced, however, AstraZeneca is

---

[*]    By shortening the time for the Court to consider dispositive motions, TAP also shortens the Court's time to consider motions to exclude expert testimony based on *Daubert* principles. At this time, it is premature to know whether either party will move to exclude any of the 10 likely experts on *Daubert* grounds.

considering making substantial summary judgment motions concerning two of TAP's three claims. First, AstraZeneca may move for summary judgment with respect to TAP's claim that the "Better is Better" campaign falsely implies that Nexium is superior to Prevacid for the overall healing of erosive esophagitis ("EE"). TAP has produced two of its *own* studies that prove that Nexium is superior to Prevacid for the overall healing of EE, yet TAP nevertheless insists on proceeding with this claim. Second, AstraZeneca may move for summary judgment with respect to TAP's claim that the "Better is Better" campaign is literally false purportedly because the results of the Castell and Fennerty studies, on which the superiority claim is based, are not clinically significant. TAP has produced documents that validate the Castell and Fennerty studies and their findings; whether a claim can be made on these studies, regardless of their clinical significance, is a legal issue. Ironically, while claiming the motions will be narrow and simple, TAP's *increases* its own time to reply to AstraZeneca's motion, purportedly due to the intervening holidays.

12. Accordingly, AstraZeneca requests that the Court reject TAP's proposed amendment to the Scheduling Order. AstraZeneca should not be penalized for TAP's inability to produce its electronic documents in anything approaching a timely manner, particularly since AstraZeneca is ready to produce its documents. AstraZeneca requests that the Court extend each date in the Scheduling Order in the following manner, which shortens slightly some of the original spacing between interim dates, accounts slightly for holidays, and is based on TAP's representation that it needs until September 30 to produce its electronic discovery and the fact that it is important to AstraZeneca that TAP produce *all* responsive documents:

| Item to be Extended: | Original Date in Scheduling Order | TAP's Proposal | AstraZeneca's Counterproposal |
|---|---|---|---|
| Document Production Completed | April 21, 2005 (agreed to by | September 30, 2005 | September 30, 2005 |

| | | | |
|---|---|---|---|
| Completed | parties) | | |
| Discovery Cut Off | September 30, 2005 | November 23, 2005 | February 14, 2006 |
| Supplemental Expert Declarations/Reports and TAP's Damages Report | June 30, 2005 | October 3, 2005 | November 23, 2005 |
| Rebuttal Expert Reports and AstraZeneca's Rebuttal Damages Expert Report | August 1, 2005 | October 31, 2005 | December 23, 2005 |
| Summary Judgment Motion | October 17, 2005 | December 12, 2005 | February 28, 2006 |
| Summary Judgment Response | November 7, 2005 | January 6, 2006 | March 21, 2006 |
| Summary Judgment Reply | November 21, 2005 | January 20, 2006 | April 4, 2006 |
| Pretrial Order and motions in limine due | March 2, 2006 | March 2, 2006 | TBD |
| Pretrial Conference | March 30, 2006 | March 20, 200 | TBD |
| Trial | April 24, 2006 | April 24, 2006 | TBD |

### Conclusion

13. Wherefore, AstraZeneca respectfully requests that the Court deny TAP's motion to enter its attached Amended Scheduling Order and instead enter the attached Amended Scheduling Order.

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, New York 10022
(212) 715-9100

Young, Conaway, Stargatt & Taylor LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
1000 West Street — 17th Floor
Wilmington, DE 19801
(302) 571-6600
Attorneys for Plaintiff AstraZeneca LP

Dated: July 11, 2005

## CERTIFICATE OF SERVICE

I, John W. Shaw hereby certify that on July 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven Balick, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that on July 11, 2005, I caused copies of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Thomas C. Morrison, Esquire
> Patterson, Belknap, Webb & Tyler LLP
> 1133 Avenue of the Americas
> New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for AstraZeneca LP