IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-1332-KAJ |
| ) | |
| - against - ) | |
| ) | |
| TAP PHARMACEUTICAL PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |
| —————————————————————— x | |

**AMENDED SCHEDULING ORDER**

This _____ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on January 10, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court having held a telephonic conference on July 13 to consider each of the parties proposed amended Scheduling Order;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by January 19, 2005.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings were to be filed on or before January 31, 2005.

3.  <u>Discovery</u>

   (a)  <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by fact and expert deposition upon oral examination.

   (b)  <u>Location of Depositions</u>. The parties agree that all depositions will occur in New York, New York or Wilmington, Delaware.

   (c)  <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before November 9, 2005. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   (d)  <u>Document Discovery</u>: Except to the extent that the parties timely serve additional document requests prior to the discovery cutoff, the parties shall complete document discovery by August 15, 2005.

   (e)  <u>Disclosure of Expert Testimony</u>. The parties have exchanged all survey expert reports. The parties shall exchange supplemental expert declarations or reports, pursuant to Federal Rule of Civil Procedure 26(a)(2) by September 16, 2005. TAP shall serve its damages expert report by September 16, 2005. Rebuttal supplemental expert declarations or reports shall be exchanged by October 14, 2005. AstraZeneca's damages expert report shall be served by October 14, 2005. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v Merrell Dow*

2

*Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(f) <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Amended Protective Order</u>. Should counsel find it will be necessary to apply to the Court for an amended protective order further specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3f above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to

preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter was referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7. <u>Interim Status Report</u>. On July 6, 2005, counsel submitted letters to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On July 13, 2005, the Court held a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 3:30 p.m.

9. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 23, 2005. Answering briefs will be filed no later than December 14, 2005, and any reply no later than December 30, 2005. Briefs must be served no later than 6 p.m. on the due date by hand and email to both local counsel and New York counsel.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

4

11. <u>Pretrial Conference</u>.  On March 30, 2006, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before March 2, 2006.

12. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

14.     <u>Trial</u>.  This matter is scheduled for a 6-day jury trial beginning at 9:30 a.m. on or about April 24, 2006.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 15 hours to present their case.

_____
UNITED STATES DISTRICT JUDGE