IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
                                                     )
ASTRAZENECA LP,                                      )
                                                     )
                        Plaintiff,                   )   C.A. No. 04-1332-KAJ
                                                     )
          - against -                                )
                                                     )
TAP PHARMACEUTICAL PRODUCTS, INC.,                   )
                                                     )
                        Defendant.                   )
---------------------------------------------------- x

**NOTICE OF DEPOSITION AND SUBPOENA**

Please take notice that the attached Notice of Subpoena and Subpoena have been served.

                                      YOUNG CONAWAY STARGATT &
                                      TAYLOR, LLP

                                      /s/ John W. Shaw
                                      Josy W. Ingersoll (No. 1088)
                                      John W. Shaw (No. 3362)
                                      The Brandywine Building, 17th Floor
                                      1000 West Street, 17th Floor
                                      Wilmington, Delaware  19801
                                      (302) 571-6600
                                      jshaw@ycst.com

Of Counsel:

Harold P. Weinberger, Esq.
Norman C. Simon, Esq.
Kerri Ann Law, Esq.
Jeremy A. Coehn, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, New York  10022

                                      Attorneys for Plaintiff AstraZeneca LP

Dated:  October 12, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, | )<br>) |
| Plaintiff, | ) C.A. No. 04-1332-KAJ<br>) |
| - against - | ) **NOTICE OF SUBPOENA**<br>) |
| TAP PHARMACEUTICAL PRODUCTS, INC., | )<br>) |
| Defendant. | ) |

TO: Karla G. Sanchez, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant AstraZeneca LP, Inc. is serving the within subpoena on non-party The ARS Group, 110 Walnut Street Evansville, IN 47708-1423 ("ARS") for the production of documents identified in Schedule A of the subpoena by October 17, 2005, and for a deposition on October 26, at 9:30 a.m. at Fairfield Inn East, 7879 Eaglecrest Boulevard, Evansville, Indiana 47715. As required by Rule 30(b)(6), ARS shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to the organization with respect to the subject matters set forth in Schedule B to the subpoena.

KL3:2469828.1

- 2 -

You are invited to attend and cross-examine.

Dated: New York, New York
      October 7, 2005

                                  KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
        Kerri Ann Law (KL-2460)
        Jeremy A. Cohen (JC-6602)
1177 Avenue of the Americas
New York, New York  10036
Attorneys for Plaintiff AstraZeneca LP

Issued by the
UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |

AstraZeneca LP

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER:[1] 04-1332-KAJ

TAP Pharmaceutical Products, Inc.

D. Del.

TO:  The ARS Group
     110 Walnut Street
     Evansville, IN  47708-1423

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fairfield Inn East<br>7879 Eaglecrest Blvd<br>Evansville, IN  47715 | October 26, 2005 at 9:30 a.m. |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Southern Indiana Reporting<br>5355 Woodridge Dr.<br>Newburgh, IN  47630<br>attn: Patsy | October 17, 2005 at 9:30 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ _____ Attorney for   Plaintiff | October 7, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeremy A. Cohen, Esq., Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY  10036
(212) 715-9405

(See Rule 45  Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

KL3:2469823.1

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                                              SIGNATURE OF SERVER

                                                  ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place

where                                                                                         that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

KL3:2469823.1

## SCHEDULE A

### DEFINITIONS

1. "TAP" means Defendant and Counterclaim-Plaintiff TAP Pharmaceutical Products Inc., its officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, wholly-owned subsidiaries or other persons acting on its behalf.

2. "AstraZeneca" means Plaintiff and Counterclaim-Defendant AstraZeneca LP, its officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, wholly-owned subsidiaries or other persons acting on its behalf.

3. The "'Better is Better' advertising campaign" means AstraZeneca's campaign, through television commercials, print ads, web site pages, pamphlets and other marketing devices, to promote NEXIUM as better than PREVACID at treating moderate to severe damage in the esophagus.

4. "ARS" means third party The ARS Group located at 110 Walnut Street, Evansville, IN 47708-1423, its officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, wholly-owned subsidiaries or other persons acting on its behalf.

5. The word "document" shall have the meaning set forth in Fed. R. Civ. P. 34. Copies that are not identical duplicates of the original of each document shall be deemed separate and distinct documents.

6. "Concerning" means referring to, relating to, describing, evidencing or constituting.

KL3:2469842.1

7.  The singular form of a word is intended to be interpreted as encompassing the plural form of it.

8.  The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information that otherwise might be construed to be outside of the scope of any of them.

## INSTRUCTIONS

A.  This request for production covers all documents and materials in your possession, custody or control, including any documents and materials in the custody of your affiliates or subsidiaries and your present officers, directors, employees, agents, servants or other persons or entities acting on your behalf.

B.  You are to produce each document requested herein in its entirety, without deletion or excisions, including all attachments, regardless of whether you consider the entire document to be relevant or responsive to these requests.

C.  If any document responsive to this subpoena is withheld from production on the grounds of privilege, attorney work product or any other reason, please supply the following information for each such document: (a) the nature of the privilege or other reason which is being asserted for nonproduction, including the factual and legal basis for the claimed privilege or other reason; (b) the type of document; (c) the subject matter of the document; (d) the date of the document; and, (e) such other information as is sufficient to identify the document, including the author of the document, the recipient of the document, and the relationship between the author and recipient of the document. Any attachment to an allegedly privileged or immune document shall be produced unless you also contend that the attachment

privileged or immune, in which case the information required above for privileged documents shall be provided separately for each such attachment.

## DOCUMENTS REQUESTED

1.  All documents concerning work performed for, on behalf of, or requested by TAP concerning the Better is Better advertising campaign for Nexium, including but not limited to (i) handwritten notes or any other record of all meetings between ARS and TAP concerning the Nexium product sold by AstraZeneca L.P.; (ii) all documents submitted to ARS by TAP, or any third party acting on TAP's behalf, concerning the "Better is Better" advertising campaign; (iii) all documents concerning market surveys, focus group research, customer profiles and general market research concerning the "Better is Better" advertising campaign and/or the effectiveness of the "Better is Better" advertising campaign; (iv) all documents discussing, analyzing or commenting on the truth, falsity or misleading nature of any claims made in or by the "Better is Better" advertising campaign; and (v) all documents discussing, analyzing or commenting on the success, results or impact of the "Better is Better" advertising campaign.

KL3:2469842.1

## SCHEDULE B

ARS is requested to designate one or more officers, directors or managing agents, or other persons who consent to testify on behalf of the corporation who have knowledge of the matters set forth herein to appear for a deposition.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions from Schedule A are incorporated herein by reference.

## TOPICS

All documents concerning work performed for, on behalf of, or requested by TAP concerning the Better is Better advertising campaign for Nexium®, including but not limited to (i) handwritten notes or any other record of all meetings between ARS and TAP for the Nexium product sold by AstraZeneca L.P.; (ii) all documents submitted to ARS by TAP, or any third party acting on TAP's behalf, concerning the "Better is Better" advertising campaign; (iii) all documents concerning market surveys, focus group research, customer profiles and general market research concerning the "Better is Better" advertising campaign and/or the effectiveness of the "Better is Better" advertising campaign; (iv) all documents discussing, analyzing or commenting on the truth, falsity or misleading nature of any claims made in or by the "Better is Better" advertising campaign; (v) all documents discussing, analyzing or commenting on the success, results or impact of the "Better is Better" advertising campaign.

KL3:2469842.1

**CERTIFICATE OF SERVICE**

I, John W. Shaw, hereby certify that on October 12, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven Balick, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899

I further certify that on October 12, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Thomas C. Morrison, Esquire
>Patterson, Belknap, Webb & Tyler LLP
>1133 Avenue of the Americas
>New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for AstraZeneca LP

DB01:1592472.1