IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 04-1332-KAJ |
| | ) | |
| TAP PHARMACEUTICAL PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ASTRAZENECA LP'S ANSWERING BRIEF IN OPPOSITION
TO THE MOTION OF DEFENDANT TAP PHARMACEUTICAL PRODUCTS
TO EXCLUDE CERTAIN TESTIMONY BY MICHAEL RAPPEPORT**

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building , 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600

Attorneys for AstraZeneca LP

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: December 14, 2005

Table of Contents

Page

Table of Authorities................................................................................................ii

Nature and Stage of Proceedings ...........................................................................1

Summary of Argument ...........................................................................................1

Facts ........................................................................................................................3

Argument .................................................................................................................5

      Point 1
          DR. RAPPEPORT WILL NOT OFFER UNSUBSTANTIATED
          OPINION TESTIMONY .................................................................................5

      Point 2
          DR. RAPPEPORT'S OPINIONS ARE CONSISTENT WITH THE LAW ...........7

      Point 3
          DR. RAPPEPORT HAS NOT OFFERED OPINIONS BASED ON
          FALSE ASSUMPTIONS .................................................................................9

Conclusion .............................................................................................................9

.

Table of Authorities

Page

Cases:

*American Home Products Corp. v. Johnson & Johnson,*
 577 F.2d 160 (2d Cir. 1978) ..................................................................................8

*American Home Products Corp. v. Johnson & Johnson,*
 654 F. Supp. 568 (S.D.N.Y. 1987) ..........................................................................8

DB01:1933082.1

057159.1005

<u>Nature and Stage of Proceedings</u>

Plaintiff AstraZeneca LP respectfully submits this memorandum in opposition to the motion of defendant TAP Pharmaceutical Products, Inc. to Exclude Certain Testimony by Michael Rappeport.

<u>Summary of Argument</u>

1.    By motion dated November 23, 2005, TAP seeks to exclude portions of the testimony of Michael Rappeport, AstraZeneca's consumer survey expert, as reflected in Sections II and III of his report. Dr. Rappeport critiqued two consumer surveys conducted for TAP by Dr. Thomas Dupont, one designed to assess consumer response to AstraZeneca's 45-second "Better is Better" television advertisement (the "TV Survey") and the other designed to assess consumer response to a Better is Better internet ad (the "Internet Survey").

2.    The criticisms advanced by Dr. Rappeport in Sections II and III of his report relate to whether the TV Survey addresses the relevant issue in the case. Dr. Dupont concluded that subjects in the TV Survey who responded that the commercial was communicating that AstraZeneca's NEXIUM® (esomeprazole magnesium) was superior to TAP's PREVACID® (lansoprazole) for relieving symptoms of heartburn or acid reflux disease did not recognize the superiority claim in the advertisement as applying only to healing erosions in the esophagus ("erosive esophagitis" or "EE") and were therefore misled by the advertisement. Dr. Rappeport opined, however, that a subject might have concluded that Nexium is superior to Prevacid for relieving the symptoms of heartburn or acid reflux disease precisely *because* it is superior for healing EE — that is, if Nexium and Prevacid were equivalent in every way except that Nexium was proven better for healing EE, one might reasonably

conclude that Nexium is better for treating acid reflux disease, which causes EE. A subject concluding that Nexium is better for treating acid reflux disease on that basis would not have been misled. (Exh A, Rappeport Report at 4-7). Because Dr. Dupont did not ask any questions designed to find out why a consumer may have thought Nexium was better, the studies are "valueless as evidence that the commercial misleads." (*Id.* at 6).

3.     In the course of rendering this opinion, Dr. Rappeport stated that this alternate explanation was more reasonable than Dr. Dupont's assumption that people failed to perceive the limitation to healing EE. (*Id.* at 5-6). He also provided his view of what consumers understand concerning heartburn and acid reflux disease. Claiming that these opinions are unfounded, TAP seeks to exclude Dr. Rappeport's entire testimony with respect to the failure of the TV Survey to address the relevant issues in the case.

4.     Neither of the opinions TAP challenges are necessary to Dr. Rappeport's criticism and neither will be offered at trial. Specifically, Dr. Rappeport will not testify at trial as to his view of consumer understanding of heartburn and acid reflux disease, but will simply testify that Dr. Dupont's surveys failed to assess consumer understanding of heartburn and acid reflux disease. Nor will he offer his belief that his alternative explanation for consumers' responses was more reasonable than Dr. Dupont's assumption that consumers failed to perceive the limitation to healing of moderate to severe EE. Indeed, Dr. Rappeport's report expressly states that regardless of whose explanation was more reasonable, the TV Survey failed to provide evidence that consumers were misled because it failed to exclude the alternative explanation. (*Id.* at 6). Accordingly, there is no basis to preclude Dr. Rappeport from testifying that the TV Survey failed to answer the question whether or not consumers perceived the express limitation in the commercial to healing of moderate to severe EE.

- 2 -

5.    TAP also argues that Dr. Rappeport's alternate explanation is "contrary to law" and, specifically to the "established rule that a pharmaceutical advertising claim that is true with respect to a subset of patients becomes false when presented as an unqualified claim." (Opening Br. at 4-5). TAP's position makes no sense because Dr. Rappeport's alternative explanation is that the advertisement makes a *qualified* claim, consumers *perceive* the qualification, and conclude that Nexium is better *because* of that qualification.

6.    In any event, the only two cases TAP cites for the so-called "established rule" do not support the proposition TAP asserts. In one, an advertiser claimed that consumers could not buy a more potent pain reliever than its product (an equivalence claim, not a superiority claim). Tests showed that a competitor's product was equal in most respects but *superior* in one efficacy measure. Therefore, it was false for the advertiser to claim that no other pain reliever was more potent. In the other case TAP cites, the appeals court affirmed the lower court's holding that a superiority claim was false where studies failed to show superiority on even one efficacy measure.

7.    Finally, TAP asserts that Dr. Rappeport has made unfounded medical assumptions. This assertion is a pure "straw man" as Dr. Rappeport has nowhere rendered the medical opinions TAP claims he has offered.

Facts

In this action, TAP contends that AstraZeneca's Better is Better advertising is false because it communicates the implied messages that AstraZeneca's Nexium is superior to TAP's competing Prevacid for treating the symptoms of acid reflux disease, such as heartburn, and for overall healing of EE, even though the advertising expressly states only that Nexium is

- 3 -

superior to Prevacid for healing moderate to severe EE. Nexium's superiority for healing moderate to severe EE has been demonstrated in studies conducted both by AstraZeneca and by TAP.

On December 20, 2004, the Court denied TAP's motion for a preliminary injunction, holding that TAP failed to demonstrate that AstraZeneca's Better ads were literally false. (Exh. B) (D.I. 42). Accordingly, TAP commissioned Dr. Dupont to conduct the TV Survey and the Internet Survey.

AstraZeneca retained Dr. Rappeport to comment on Dr. Dupont's surveys. In addition to certain methodological criticisms that are not the subject of this motion, Dr. Rappeport concluded in Sections II and III of his report that the TV Survey does not provide probative evidence in this case because it failed to ascertain what respondents meant when they said Nexium was better at healing the symptoms of acid reflux disease and thus failed to address the relevant issues in the case. Specifically, Dr. Rappeport concluded that the TV Survey was "essentially valueless as evidence that the commercial misleads." (Exh. A at 6).[1]

TAP now seeks to preclude Dr. Rappeport from testifying as to the opinions he rendered in Section II, which relate to what Dr. Dupont needed to ascertain in his surveys to address the issues raised by TAP in the case, and Section III, in which Dr. Rappeport applies those principles to conclude that the TV Survey is valueless.

---

[1]     He also opined, in Section V of his report, that the Internet Survey offered little insight "as to how people understand the material on the web page" (*Id.* at 22) but this opinion is not the subject of TAP's motion.

Argument

Point 1

DR. RAPPEPORT WILL NOT OFFER
UNSUBSTANTIATED OPINION TESTIMONY

A central premise of Dr. Rappeport's criticism of the TV Survey is that while Dr. Dupont determined that a substantial portion of survey respondents perceived a message in AstraZeneca's television advertising that Nexium is better than Prevacid for treatment or relief of heartburn symptoms, he failed to understand what respondents meant by their answers. As Dr. Rappeport put it, "Dupont implicitly assumes that, from the consumers' viewpoint, being better at treating acid reflux disease and/or heartburn is *distinct* from being better at healing erosive esophagitis." (Exh. A at 7). But a consumer might conclude that, if Nexium and Prevacid are equal except that Nexium is better for healing EE, a condition caused by acid reflux disease, Nexium is *therefore* better at treating acid reflux disease. Such a consumer would not have been misled into believing that Nexium was proven better at treating all aspects of acid reflux disease. Since Dr. Dupont did nothing to determine what his survey subjects actually meant when they answered that Nexium is better than Prevacid for treating acid reflux disease, Dr. Rappeport concluded that "*Dupont's survey questionnaire provides essentially no evidence relevant to the key survey issues in this case.*" (Exh. A at 8).

In the course of expressing this opinion, Dr. Rappeport also provided his personal belief that his alternative explanation was more reasonable than Dr. Dupont's blanket assumption that everyone who stated that Nexium offers superior symptom relief to Prevacid was misled. Dr. Rappeport conceded that he had done nothing to test whether his belief was supported, and AstraZeneca represents that this belief will not be part of his trial testimony. Excluding such

- 5 -

testimony, however, does not mean that Sections II and III of Dr. Rappeport's report should be excluded in their entirety. Indeed, Dr. Rappeport expressly stated that even if one believed Dr. Dupont's assumption was more likely to be correct than his own, "as long as there is some reasonable chance" some consumers were responding for the reasons stated by Dr. Rappeport, the "researcher has not successfully carried out his or her task (which is to be able to say with some *assurance* how respondents, not researchers, interpret the survey questions)." (Exh. A at 6).[2]

Put another way, the relevant issue is not whether Dr. Rappeport's hypothesis about what respondents meant is more reasonable or more likely than Dr. Dupont's, but whether Dr. Dupont's survey excluded a reasonable explanation of what respondents meant by their answers that would indicate they were not misled. As Dr. Dupont acknowledged, he did nothing to address, let alone exclude, Dr. Rappeport's explanation. (Exh. D, Dupont Tr. at 36-37). Accordingly, precluding Dr. Rappeport from providing his personal beliefs about whose hypothesis is more reasonable does not in any way affect his ability to testify concerning the other opinions in Sections II and II of his report.[3]

In his report, Dr. Rappeport also made a series of observations about consumer understanding of heartburn and acid reflux disease. In so doing, he merely was illustrating that

---

[2]    At his deposition in this case, Dr. Rappeport testified that "it really doesn't matter whether I'm right or not. The necessity is to prove I'm wrong . . ." (Exh C., Rappeport Tr. at 135).

[3]    In fact, the reasonableness of Dr. Rappeport's hypothesis is borne out by two survey questionnaires (416 and 423) where the interviewers went beyond Dr. Dupont's instructions and actually asked respondents why they believed Nexium was better for relieving symptoms of acid reflux disease. In both instances, the respondents stated that Nexium was better precisely because it is better for EE. (Exh. E).

Dr. Dupont did nothing to assess consumer understanding of these conditions.    Again, AstraZeneca represents that Dr. Rappeport will not offer these opinions concerning consumer understanding of heartburn or acid reflux disease at trial, but will simply testify that Dr. Dupont failed to assess consumer understanding of heartburn and acid reflux disease and how they relate to EE, a critical failure under the circumstances of this case.  This is appropriate expert testimony and does not warrant exclusion of the entirety of Sections II and III of his report.

### Point 2

### DR. RAPPEPORT'S OPINIONS ARE CONSISTENT WITH THE LAW

TAP also seeks to exclude Dr. Rappeport's opinions on the ground that they are "contrary to established false advertising law." (Opening Brief at 4).  Thus, in its opening brief, TAP relies on a supposed "established rule that a pharmaceutical advertising claim that is true with respect to a subset of patients becomes false when presented as an unqualified claim." (*Id.* at 5).  TAP theorizes that Dr. Rappeport's opinion is contrary to law because he states that it is reasonable for someone to conclude that because Nexium is better than Prevacid for EE, it is better overall.  But TAP's argument misstates Dr. Rappeport's opinion, which is that a consumer might perceive a *qualified* claim that Nexium is better for EE and conclude that, all other things being equal, that Nexium's superiority for EE makes it superior for treating acid reflux disease, which causes EE.  Because Dr. Rappeport specifically hypothesized that consumers perceived a *qualified* claim, TAP's asserted "established rule" concerning *unqualified* claims has no application to his opinion.

In any event, the cases TAP cites do not begin to establish that a consumer is misled if he or she believes that a qualified claim that a drug is superior for healing a symptom

- 7 -

057159.1005

makes it better than a competitor's when they are equal in all other respects. For example, TAP describes *American Home Products Corp. v. Johnson & Johnson*, 654 F. Supp. 568 (S.D.N.Y. 1987) ("*AHP II*"), as "enjoining defendant from making broad parity claim because claim was true with respect to only a small subset of patients." (Opening Br. at 5). In that case, the makers of Extra Strength Tylenol claimed that "You can't buy a more potent pain reliever without a prescription." The makers of Advil sued and showed that while Advil and Extra Strength Tylenol were equivalent for treating mild to moderate pain, studies showed that *Advil* was better for severe pain. Thus, a claim of parity was held false not because it was "true with respect to a subset of patients but presented as an unqualified claim" but because the claim simply was not true.

In the second case TAP cites, *American Home Products Corp. v. Johnson & Johnson*, 577 F.2d 160, 169 (2d Cir. 1978), the Court of Appeals affirmed the trial court's holding that an advertiser falsely claimed superiority of its pain reliever over competing products when most comparative studies showed equivalence, and only "two of many studies" showed superiority with respect to one of several efficacy measures. Even those two studies were found insufficient to support a superiority claim because their results were not statistically significant and their methodology was unsound. (*Id.*). Thus, because there was no valid evidence of superiority by any measure, this case, too, does not stand for the supposed "established rule" asserted by TAP.

Point 3

### DR. RAPPEPORT HAS NOT OFFERED
### OPINIONS BASED ON FALSE ASSUMPTIONS

Finally, TAP argues that Dr. Rappeport should be prohibited from testifying that "it is preferable to treat a disease with the most potent medication available." (Opening Br. at 6). TAP asserts that Dr. Rappeport offered this opinion at pages 7-8 of his report, but there is nothing in those pages or the remainder of Dr. Rappeport's report that contains such an opinion. In any event, AstraZeneca represents that no such opinion will be offered by Dr. Rappeport.

### Conclusion

For these reasons, the Court should permit Dr. Rappeport to testify concerning the opinions in Sections II and III of his report, excluding only those opinions AstraZeneca has represented he will not give.

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
John W. Shaw (#3362)
jshaw@ycst.com
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

Attorneys for Plaintiff AstraZeneca LP

- 9 -

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated:  December 14, 2005

- 10 -

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on December 14, 2005, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Steven Balick, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by

hand delivery on the above-listed counsel of record and on the following non-registered

participant in the manner indicated:

### BY E-MAIL & HAND DELIVERY

> Thomas C. Morrison, Esquire
> Patterson, Belknap, Webb & Tyler LLP
> 1133 Avenue of the Americas
> New York, NY 10036

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> John W. Shaw (No. 3362)
> jshaw@ycst.com
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
> (302) 571-6600