IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) C.A. No. 04-1332-KAJ ) |
| TAP PHARMACEUTICAL PRODUCTS, INC., | ) **REDACTED – PUBLIC VERSION** ) |
| Defendant. | ) ) |

**PLAINTIFF ASTRAZENECA LP'S BRIEF IN
SUPPORT OF ITS MOTION TO STRIKE THE JURY DEMAND
OF DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.**

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899-0391
(302) 571-6600

Attorneys for AstraZeneca LP

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated:   December 9, 2005

DB01:1932744.1                                                                          057159.1005

Table of Contents

|  | Page |
|---|---|
| Table of Authorities | ii |
| Nature and Stage of Proceedings | 1 |
| Summary of Argument | 1 |
| Facts | 1 |
| Argument | 4 |
|     BECAUSE TAP NOW SEEKS TO RECOVER ONLY ASTRAZENECA'S PROFITS, AN EQUITABLE REMEDY, ITS JURY DEMAND MUST BE STRICKEN | 4 |
| Conclusion | 7 |

Table of Authorities

Page

Cases:

*American Cyanamid Co. v. Sterling Drug, Inc.*,
   649 F. Supp. 784 (D.N.J. 1986)..................................................................................5

*Castrol, Inc. v. Pennzoil Quaker State Co.*,
   169 F. Supp. 2d 332 (D.N.J. 2001)..............................................................................5

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,
   494 U.S. 558 (1990).....................................................................................................4

*Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP.*,
   325 F. Supp. 2d 841 (M.D. Tenn. 2004)......................................................................6

*In re Hechinger Inv. Co. of Delaware*,
   327 B.R. 537 (D. Del. 2005).....................................................................................4, 6

*Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Division of Travel Development*,
   955 F. Supp. 598 (E.D. Va. 1997) ...............................................................................6

*Securities Exchange Commission v. Hughes Capital Corp.*,
   124 F.3d 449 (3d Cir. 1997) ........................................................................................4

*Vulcan Print Media, Inc. v. Las Vegas Sports News, L.L.C.*,
   No. 98-CV-5768, 2001 U.S. Dist. LEXIS 24206 (E.D. Pa. Nov. 19, 2001) ...............6

Statutes:

15 U.S.C.A. § 1117(a) ......................................................................................................6

15 U.S.C.A. § 1125(a)(1)(B) .........................................................................................1, 6

28 U.S.C.A. § 2201 ..........................................................................................................1

28 U.S.C.A. § 2202 ..........................................................................................................1

Fed. R. Evid. 38 ...............................................................................................................1

Fed. R. Evid. 39 ...............................................................................................................1

Fed. R. Evid. 57 ...............................................................................................................1

U.S. Const. amend. VII....................................................................................................1

## Nature and Stage of Proceedings

Plaintiff AstraZeneca LP ("AstraZeneca") respectfully submits this memorandum in support of its motion to strike defendant TAP Pharmaceutical Products, Inc.'s ("TAP") jury demand, pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, on the ground that TAP has elected to pursue disgorgement of AstraZeneca's profits, an equitable remedy, rather than pursue its own damages.

## Summary of Argument

1.  The Seventh Amendment of the United States Constitution provides that when a party to an action seeks to have its rights vindicated by resort to legal remedies, that party is entitled to have its claim tried by a jury. U.S. Const. amend VII. The Seventh Amendment, however, confers no such right to a trial by jury on a party seeking only equitable relief. *Id.* In cases where only equitable relief is sought, jury demands are stricken as a matter of course.

2.  In this action, TAP has elected to pursue disgorgement of AstraZeneca's profits, an equitable claim, rather than pursue its own damages. Since TAP now seeks only equitable relief from this Court, its jury demand should be stricken.

## Statement of Facts

On October 6, 2004, AstraZeneca commenced this action by filing its complaint seeking declaratory relief under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure for purposes of determining an actual and substantial controversy under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). AstraZeneca did not request a trial by jury. (Exh. A) (D.I. 1).

On November 10, 2004, TAP answered the complaint and asserted a counterclaim for false advertising. TAP's prayer for relief sought preliminary and permanent injunctive relief, an order directing AstraZeneca to disseminate corrective advertising, damages, AstraZeneca's profits, and declaratory and other relief. TAP requested "trial by jury on all issues so triable." (Exh. B at 13) (D.I. 7). Of those categories of relief, TAP would be entitled to a jury trial only as to any claimed damages.

TAP's preliminary injunction motion was heard by this Court on December 20, 2004 and denied. (Exh. C) (D.I. 42).

On October 6, 2005, TAP served AstraZeneca with an expert report on damages prepared by Creighton G. Hoffman. (Exh. D).

**REDACTED**

A.

Q.

REDACTED

A.

Q.

A.

REDACTED

Q.

A.

REDACTED

Q.

A.

TAP has submitted no other expert analysis, report or opinion concerning its alleged damages attributable to AstraZeneca's Better advertising and seeks no relief other than recovery of AstraZeneca's profits. The time for submission of expert reports has long since passed and, with a few exceptions not relevant here, discovery in this case is now closed.

### Argument

#### BECAUSE TAP NOW SEEKS TO RECOVER ONLY ASTRAZENECA'S PROFITS, AN EQUITABLE REMEDY, ITS JURY DEMAND MUST BE STRICKEN

REDACTED

Given that circumstance, TAP is not entitled to a jury trial and its demand should be stricken.

Beginning with the Supreme Court of the United States and continuing with the Third Circuit Court of Appeals and this Court, it has been uniformly held that disgorgement of profits is an equitable remedy. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) ("we have characterized damages as equitable where they are restitutionary, such as in actions for disgorgement of improper profits") (citations omitted); *Securities Exchange Comm'n v. Hughes Capital Corp.*, 124 F.3d 449, 455 (3d Cir. 1997) ("Disgorgement is an equitable remedy designed to deprive a wrongdoer of his unjust enrichment ..."); *In re Hechinger Inv. Co. of Delaware*, 327 B.R. 537, 546 n.12 (D. Del. 2005) ("Disgorgement has traditionally been an equitable remedy.").

Because disgorgement is an equitable remedy, a party seeking recovery of a defendant's profits in a Lanham Act false advertising case is not entitled to a jury trial. In

*Castrol, Inc. v. Pennzoil Quaker State Co.*, 169 F. Supp. 2d 332 (D.N.J. 2001), a false advertising case under the Lanham Act, the court rejected the claim that Pennzoil was denied its Seventh Amendment right to a jury trial where Castrol's claim to recover Pennzoil's profits was tried without a jury. The court noted that "[p]rofits and damages are categorically distinct. Disgorgement of profits focuses on the prevention of unjust enrichment and the deterrence of willful infringement. Compensatory damages, on the other hand, redress an injury." *Id.* at 344. Because Castrol sought only profits, Pennzoil was not entitled to a jury trial. The court stated: "A plain reading of the Lanham Act remedy section unqualifiedly weighs against Pennzoil's interpretation that they are entitled to a jury trial on the disgorgement of profits issue." *Id.*

The court reached the same result in *American Cyanamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784 (D.N.J. 1986). There, the plaintiff originally sought both damages and disgorgement for trademark infringement under the Lanham Act. The plaintiff later amended its prayer for relief to waive a claim for damages and sought only disgorgement. On the defendant's motion to strike the jury demand, the plaintiff countered that "its request for an accounting of the profits earned by Sterling Drug, and the paying over of such amounts, is in essence a legal claim and thus supports its request for a jury trial." *Id.* at 785. The court rejected that argument, holding:

> Although American Cyanamid seeks money, it does not seek money for its injury; rather, it seeks the amount by which Sterling Drug was enriched from infringing on American Cyanamid's trademark. In substance, American Cyanamid seeks a determination whether Sterling Drug was enriched because of an infringement and, if so, an order requiring restitution of such money from Sterling Drug to American Cyanamid. *These demands are equitable in nature.*

*Id.* at 789 (emphasis added). The court therefore struck the jury demand.

In *Vulcan Print Media, Inc. v. Las Vegas Sports News, L.L.C.*, No. 98-CV-5768, 2001 U.S. Dist. LEXIS 24206, at *1, (E.D. Pa. Nov. 19, 2001), the court likewise considered a claim for injunctive relief, attorney's fees, and the defendant's profits arising from alleged trademark violations under the Lanham Act. The court rejected a motion for a jury trial, observing that there was no dispute that injunctive relief and attorney's fees were equitable in nature, and further holding that "a claim for disgorgement of profits is indeed equitable in nature and thus not suitable for a jury." *Id.* at ** 3-4.

In this case, TAP's initial prayer for relief sought "damages," but it has elected to pursue AstraZeneca's profits as it is entitled to do under the Lanham Act. 15 U.S.C.A. § 1117(a). TAP has thereby waived its damage claim, leaving it with only an equitable claim for disgorgement and is not entitled to a jury trial. *See also Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Division of Travel Development*, 955 F. Supp. 598, 605 (E.D. Va. 1997) (In Lanham Act case, disgorgement of profits is "wholly equitable and do[es] not create a constitutional jury trial right."); *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 325 F. Supp. 2d 841, 852 (M.D. Tenn. 2004) (Lanham Act case; "Given this history of making the infringer account for unlawful profits as an equitable remedy, the Seventh Amendment right to a jury trial does not attach.").[1] Accordingly, TAP's jury demand should be stricken.

---

[1] As these cases make clear, merely because TAP seeks money does not convert its claim a legal one. In addition to the cases cited above, in *Hechinger Inv. Co.*, 327 B.R. 537, the district court applied this rule to deny a jury trial where the plaintiff sought only equitable relief. The court noted that "although plaintiff purports to request monetary damages . . . its request of monetary damages is more accurately characterized as disgorgement." *Id.* at 546 n.12. The court thus stated that "the relief plaintiff requested for its fraudulent conveyance claims is equitable. Consequently, the court concludes that plaintiff is not entitled to a jury trial on its fraudulent conveyances claim." *Id.* at 546.

## Conclusion

For these reasons, AstraZeneca respectfully requests that the court strike TAP's jury demand.

                          YOUNG CONAWAY STARGATT
                          & TAYLOR, LLP

                          /s/ John W. Shaw
                          Josy W. Ingersoll (#1088)
                          *jingersoll@ycst.com*
                          John W. Shaw (#3362)
                          *jshaw@ycst.com*
                          The Brandywine Building, 17th Floor
                          1000 West Street
                          Wilmington, DE 19801
                          (302) 571-6600

                          Attorneys for Plaintiff AstraZeneca LP

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: December 9, 2005

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on December 9, 2005, copies of the foregoing document were served upon the following counsel of record in the manner indicated:

**BY HAND DELIVERY**

Steven Balick, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Thomas C. Morrison, Esquire
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600