IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 04-1332-KAJ |
| | ) | |
| TAP PHARMACEUTICAL PRODUCTS, INC., | ) | **REDACTED – PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF ASTRAZENECA LP'S APPENDIX IN SUPPORT OF ITS MOTION TO STRIKE THE JURY DEMAND OF DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899-0391
(302) 571-6600

Attorneys for AstraZeneca LP

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated:  December 9, 2005

**AstraZeneca's Appendix in Support of Its Motion to Strike the**
**Jury Demand of Defendant TAP Pharmaceutical Products, Inc.**

## Table of Contents

Description                                                                    Tab

Plaintiff's Complaint ...................................................................................................A

Defendant's Answer, Counterclaim, and
    Demand for Jury Trial ..........................................................................................B

Preliminary Injunction Hearing Transcript and Order,
    December 20, 2004..............................................................................................C

Expert Report of Creighton G. Hoffman,
    October 6, 2005 ..................................................................................................D

Deposition Testimony of Creighton G. Hoffman,
    November 22, 2005 .............................................................................................E

# APPENDIX

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------x
ASTRAZENECA LP,                        :
                                       :
                 Plaintiff,            :
                                       :
            - against -                :        Civil Action No. 04-_____
                                       :
TAP PHARMACEUTICAL PRODUCTS,           :
INC.,                                  :
                                       :
                 Defendant.            :
------------------------------------------------x
```

Plaintiff AstraZeneca LP ("AstraZeneca"), by its attorneys, for its complaint alleges:

1.     This action for declaratory judgment is brought under the Federal Declaratory

Judgment Act, Title 28, United States Code §§ 2201 and 2202 and Rule 57 of the Federal Rules of

Civil Procedures for the purpose of determining a substantial and actual controversy between the

parties concerning Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

<u>The Parties, Jurisdiction and Venue</u>

2.     Plaintiff AstraZeneca is a Delaware limited partnership with its principal place

of business in Wilmington, Delaware. AstraZeneca is an indirect subsidiary of AstraZeneca PLC, a

leading international pharmaceutical company. AstraZeneca researches, develops, manufactures and

markets prescription pharmaceuticals with leading positions in sales of gastrointestinal, oncology,

cardiovascular, neuroscience and respiratory products.

3.     Among the many pharmaceutical products developed and manufactured by

AstraZeneca is NEXIUM®, a medication that is indicated for the treatment of gastroesophageal

reflux disease ("GERD") — commonly known as "acid reflux disease" — including erosive esophagitis ("EE"), a condition in which acid churning up from the stomach wears away the delicate lining of the esophagus.

4.    Defendant TAP Pharmaceutical Products, Inc. ("TAP") is a Delaware corporation with its principal place of business in Lake Forest, Illinois. TAP began in 1977 as a joint venture between two global pharmaceutical leaders, Abbott Laboratories and Takeda Pharmaceutical Company Limited. TAP is the marketer of PREVACID®, which is also indicated for the treatment of GERD and EE. TAP advertises, distributes and sells PREVACID throughout the United States, including in Delaware.

5.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338(a) and (b), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1121.

6.    Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) and (c).

AstraZeneca's Advertising Campaign for NEXIUM

7.    In September 2004, AstraZeneca began a new advertising campaign for NEXIUM called "Better Is Better." The campaign includes a television commercial (attached as Exh. A), print advertisements (attached as Exh. B), and an informational pamphlet (attached as Exh. C).

8.    The "Better Is Better" advertising reports the results of two medical studies, known as the Castell and Fennerty studies. These studies, which collectively involved more than

6000 people, were conducted to compare NEXIUM and PREVACID for the healing of patients with acid related damage in the esophagus.

9.    Both studies showed that NEXIUM was significantly more effective than PREVACID at healing moderate to severe acid related damage in the esophagus.

### TAP's Threatened Litigation

10.    On September 30, 2004, TAP wrote AstraZeneca requesting that it take immediate steps to withdraw the "Better Is Better" television commercial and related marketing materials. (*See* Letter from Kenneth D. Greisman to Glenn M. Engelmann, dated September 30, 2004 ("TAP Letter"), attached as Exh. D).

11.    The TAP Letter sets forth a detailed critique of AstraZeneca's "Better Is Better" advertising campaign for NEXIUM.

12.    The TAP Letter concludes that AstraZeneca's "'Better Is Better' television commercial and related marketing material constitutes false and misleading advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)."

13.    The TAP Letter makes plain that unless AstraZeneca ceases making the claims in the "Better Is Better" advertising, TAP will take legal action against AstraZeneca for "various remedies."

### Claim for Relief

14.    AstraZeneca repeats and realleges each of the allegations contained in paragraphs 1 through 13 above.

15.    AstraZeneca maintains that, based on the results of the Castell and Fennerty studies, the claims in its "Better Is Better" advertising for NEXIUM are neither false nor misleading.

As alleged above, TAP expressly contends that the claims in AstraZeneca's "Better Is Better" advertising are false and misleading and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

16.    Accordingly, an actual controversy between the parties exists concerning whether or not AstraZeneca's "Better Is Better" advertising for NEXIUM violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

17.    Resolution of this actual controversy is essential in order for AstraZeneca to determine whether it may continue to air commercials and disseminate print advertisements and other material developed as part of its "Better Is Better" campaign without fear that TAP will commence an action seeking damages and/or injunctive relief under federal law.

WHEREFORE, AstraZeneca requests judgment as follows:

(a)    declaring that the claims made by AstraZeneca in its "Better Is Better" campaign do not constitute false or misleading advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(b)    awarding AstraZeneca the costs of this action and its reasonable attorneys' fees; and

4

(c)    granting AstraZeneca such other and further relief as the

Court may deem just and proper.

Young, Conaway, Stargatt & Taylor LLP

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
1000 West Street — 17th Floor
Wilmington, DE  19801
(302) 571-6600

Attorneys for Plaintiff AstraZeneca LP

Of Counsel:

Harold P. Weinberger, Esq.
Norman C. Simon, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, New York  10022

Dated:  October 6, 2004

5

# EXHIBIT A
# TO APPENDIX EXHIBIT A

# EXHIBIT B
# TO APPENDIX EXHIBIT A



# The healing purple pill has some very healing news.

## NEXIUM® heals acid related damage better than the other leading medicine.*

*Studies vs Prevacid® (lansoprazole) In patients with moderate to severe damage.[1]

Here's big news for people suffering from acid reflux disease.

If you've treated your symptoms and changed your diet, but persistent heartburn still comes back two or more days a week, it could be acid reflux disease. Over time, this could lead to erosions in your esophagus, a condition called erosive esophagitis.

Only a doctor can determine if you have this damage. If you do, ask about recent medical studies that prove NEXIUM heals moderate to severe acid related damage in the esophagus better than the other leading prescription medicine. That's right, two major medical studies prove prescription NEXIUM—the healing

purple pill—heals moderate to severe acid related damage to the esophagus better. Now that's news you can feel good about.

For many, one NEXIUM pill a day can mean 24-hour heartburn relief and can heal acid related damage in the esophagus. Most erosions heal in 4 to 8 weeks. Your results may vary. The most common side effects of NEXIUM are headache, diarrhea, and abdominal pain. Symptom relief does not rule out other serious stomach conditions.

Take advantage of our Free Trial Offer today and ask your doctor if NEXIUM is right for you. With NEXIUM, you don't just feel better, you are better. And better is better.

**For more information, visit us at purplepill.com or call 1-800-4-NEXIUM**
Please read the important Product Information about NEXIUM on the reverse side and discuss it with your doctor.
Ask your doctor for information about how well NEXIUM heals.

AstraZeneca

[1]Sources: American Journal of Gastroenterology. Data on file.
NEXIUM and the color purple as applied to the capsule are registered trademarks of the AstraZeneca group of companies.
Prevacid is a registered trademark of TAP Pharmaceuticals.



# Nexium®
(esomeprazole magnesium)



# EXHIBIT C
# TO APPENDIX EXHIBIT A

IMPORTANT MEDICAL FINDINGS
FOR PATIENTS WITH ACID REFLUX DISEASE

NEXIUM heals moderate to severe acid related damage in the esophagus better than Prevacid® (lansoprazole).[1,2]

What people with acid reflux disease should know.

Many people have learned that frequent, persistent heartburn 2 or more days a week, despite treatment and change in diet, may be acid reflux disease. What they might not know is that with acid reflux disease, the acid churning up from the stomach can, over time, wear away or erode the delicate lining of the esophagus. This is a condition known as erosive esophagitis.

Only a doctor can determine if this damage exists, or how severe it is. Even people with just mild heartburn could have damage to the esophagus and not know it. But fortunately, the damage can be healed.

That's why it is so important to talk with your doctor about your acid reflux disease, how well your current treatment is working, and what the enclosed study results could mean to you.



AstraZeneca

The makers of NEXIUM® (esomeprazole magnesium), the healing purple pill

With NEXIUM, you don't just feel better, you are better.

[1]Castell DO, Kahrilas PJ, Richter JE, et al. Esomeprazole (40 mg) compared with lansoprazole (30 mg) in the treatment of erosive esophagitis. *Am J Gastroenterol.* 2002;97:575-583.

[2]Data on file, DA-NEX-37.

NEXIUM is a registered trademark of the AstraZeneca group of companies.
Prevacid is a registered trademark of TAP Pharmaceuticals.
© 2004 AstraZeneca LP. All rights reserved.     222691     9/04



Nexium®
(esomeprazole magnesium)

NEXIUM healed erosions better than Prevacid over 8 weeks, in patients with moderate to severe damage.[1,2]

*Here are the results of two studies:*



Healed patients with moderate to severe erosions[1]

STUDY 1

Healed patients with moderate to severe erosions[2]

STUDY 2



**NEXIUM vs Prevacid:**
**Important medical findings.**

Recently, two important medical studies were conducted to compare prescription NEXIUM® (esomeprazole magnesium) and Prevacid® (lansoprazole) for the healing of patients with acid reflux disease.[1,2] These studies measured how well each medication healed moderate to severe erosions in the esophagus.

Over 6000 patients were studied.

Each study took place over an 8-week period in multiple locations throughout the US. They collectively involved more than 6000 people, all with varying stages of erosive esophagitis.

Patients were given the maximum recommended dose of prescription NEXIUM or the recommended dose of prescription Prevacid once daily.* And there were significant differences in study results between the two medications.

Here are some of the key findings from the studies:

• The first study proved that NEXIUM was significantly more effective than Prevacid at healing moderate to severe acid related damage in the esophagus.

• In the second study, these findings were confirmed once again — NEXIUM healed patients with moderate to severe damage better than Prevacid.

**Ask your doctor about how well NEXIUM heals erosions.**

If you have been diagnosed with acid reflux disease, or if you think you might have it, talk to your doctor today about treatment options. Find out whether NEXIUM might be right for you.

For many, one NEXIUM pill a day can mean 24-hour heartburn relief and can heal acid related damage in the esophagus. Most lesions heal in 4 to 8 weeks. Your results may vary. The most common side effects of NEXIUM are headache, diarrhea, and abdominal pain. Symptom relief does not rule out other serious stomach conditions.

Please see the enclosed important Product Information about NEXIUM.

*NEXIUM 40 mg, NEXIUM 20 mg, and lansoprazole 30 mg are the FDA-approved doses for the healing of erosive esophagitis (EE).

# EXHIBIT D
# TO APPENDIX EXHIBIT A



TAP PHARMACEUTICAL PRODUCTS INC.

**Kenneth D. Greisman**
Vice President and Chief Legal Counsel

675 North Field Drive
Lake Forest, IL 60045
tel 847.582.3704
fax 847.582.4007
e-mail ken.greisman@tap.com

## VIA FACSIMILE AND FEDERAL EXPRESS

September 30, 2004

Glenn M. Engelmann
Vice President, General Counsel
 & Secretary
AstraZeneca Pharmaceuticals LP
1800 Concord Pike
P.O. Box 15437
Wilmington, Delaware 19850-5437

Re:    Nexium® Superiority Claim – FALSE ADVERTISING

Dear Mr. Engelmann:

We learned that AstraZeneca very recently has commenced broadcasting a direct-to-consumer television advertisement for NEXIUM entitled "Better Is Better" and has issued additional advertising materials with the same message. The plain and unambiguous message of this advertising campaign is that recent studies prove that NEXIUM is better than any other medication, including PREVACID®, in treating patients with acid reflux disease. This message is communicated at the outset of the commercial by the announcer ("if you suffer from acid reflux disease, frequent heartburn") and by a large visual of the words "acid reflux disease" that covers the screen. While the advertisement goes on to state that NEXIUM heals acid-related esophagus "damage" better than any other medication, this limitation is mentioned so briefly and in such a small way that it is lost in the overall message that NEXIUM is "better" than other medications for acid reflux disease.

There is absolutely no substantiation for the broad claim that NEXIUM is superior to PREVACID for acid reflux disease. Moreover, the broad and unqualified claim of test-proven superiority is not supported by the studies cited on your website and alluded to in your television commercial, even for the relatively limited number of acid reflux disease patients with esophageal "damage." The Castell study shows that NEXIUM has no advantage over PREVACID for the vast majority of erosive esophagitis ("EE")

Glenn M. Engelmann
Page Two

patients. More than 75% of the patients in that study (3,954 of 5,240) suffered from
either Grade A or Grade B EE. Both groups had virtually identical rates of healing:

Grade A:
      NEXIUM               91.7%
      PREVACID           91.3%

Grade B:
      NEXIUM               86.3%
      PREVACID           86.0%

An additional problem with the way your company is using this data is that the
percentage of patients in the study with moderate to severe EE does not represent the
percentage of such patients in the general population. While about 25% of the patients in
the study suffered from moderate to severe EE, that number overstates the percentage of
such patients in the general population. This overstatement is compounded by the
impression created by the advertisement that NEXIUM is better for all patients with acid
reflux disease. The other study cited on your website, the Fennerty study, did not even
measure patients in Grades A and B. Consequently, at best the value of these studies (if
any) is limited to the very small percentage of acid reflux disease patients who suffer
from moderate to severe EE.

Furthermore, while both the Castell and Fennerty studies show a statistically significant
difference among patients suffering from moderate and severe EE (the C and D groups),
the overall difference in healing rates is small (13% in the Castell study and 4% in
Fennerty). As you know from the FDA's Summary Basis of Approval for NEXIUM, the
agency does not view differences in healing rates of less than 10% to be clinically
meaningful. While the 13% difference in Castell could be clinically significant, that
result is suspect, as the Castell study was not prospectively designed to examine healing
rates in moderate to severe cases. In contrast, the Fennerty study, which was
prospectively designed to examine healing rates for such patients, identified only a 4%
difference in healing rates between NEXIUM and PREVACID. Given this conflicting
data, there is no basis for AstraZeneca to claim that studies have proven the superiority of
NEXIUM over PREVACID for the relatively small group of patients suffering from
moderate to severe EE.

Finally, the "super" in the television commercial that refers to patients with moderate to
severe damage is too small and appears too briefly to be understood by the average
consumer and, worse still, it is misleading. It suggests that the studies supporting the
"better" claim were conducted in patients with moderate to severe damage. While true in

SEP-30-2004 THU 09:27    T  LEGAL → 9137228861578    FAX NO. 2428861578    P. 05

NO.624    D004

Glenn M. Engelmann
Page Three

the Fennerty study, in the Castell study approximately 75% of the patients had only mild damage and, as noted above, for these patients there was no statistically significant difference in healing.

The false message of NEXIUM's broad-based superiority is extremely harmful to TAP's PREVACID business. The average patient who views AstraZeneca's television commercial will take away the message that NEXIUM is superior to PREVACID for all acid reflux disease patients and that this superiority has been proven by clinical data. This false message will cause irreparable damage to the reputation and good will of PREVACID and, ultimately, will result in a decline in PREVACID sales.

Your "Better Is Better" television commercial and related marketing material constitutes false advertising in violation of § 43(A)(1)(b) of the Lanham Act, 15 U.S.C. § 1125(A)(1)(b). We therefore ask that you take <u>immediate</u> steps to withdraw the television commercial and all other marketing materials containing this false message. I would appreciate receiving your commitment that AstraZeneca will immediately cease this false advertising. If AstraZeneca does not agree to immediately withdraw these false materials, or if we do not hear from you by Wednesday, October 6, 2004, we will have no choice but to consider the various remedies available to us.

Very truly yours,

Kenneth D. Greisman

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

04 - 1332

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ASTRAZENECA LP

**DEFENDANTS**
TAP PHARMACEUTICAL PRODUCTS, INC.

(b) County of Residence of First Listed Plaintiff New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
PO Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Attorneys (If Known)

2004 OCT -1 PM 12: 04
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action for declaration of no false advertising under 15 U.S.C. § 1125.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 10/6/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Del Rev. 10/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of        DELAWARE

ASTRAZENECA LP

           V.

TAP PHARMACEUTICAL PRODUCTS,
INC.,

### SUMMONS IN A CIVIL CASE

CASE NUMBER:     0 4 - 1 3 2 2

*FILED 2004 OCT -7 PM 2 21 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE*

TO: (Name and address of Defendant)

TAP PHARMACEUTICAL PRODUCTS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John W. Shaw, Esquire (#3362)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

10-6-04

CLERK

*Beth Dunc*

(By) DEPUTY CLERK

DATE