IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA LP, | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1332-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| TAP PHARMACEUTICAL PRODUCTS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TAP PHARMACEUTICAL PRODUCTS INC.'S ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
THE TESTIMONY OF CREIGHTON G. HOFFMAN**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendant-Counterclaimant
TAP Pharmaceutical Products Inc.*

*Of Counsel:*

Thomas C. Morrison
Karla G. Sanchez
Laura Storto
Amanda K. Kay
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

George C. Kokkines
TAP Pharmaceutical Products Inc.

Dated: January 19, 2005
165589.1

## Table of Contents

**Page**

Table of Authorities .................................................................................................. ii

INTRODUCTION ........................................................................................................1

SUMMARY OF EXPERTISE AND OPINION.........................................................2

ARGUMENT................................................................................................................5

I     MR. HOFFMAN'S TESTIMONY IS RELIABLE...........................................5

    A.     *Daubert* Does Not Mandate the Use of a Formal
        Economic Model .........................................................................................5

    B.     Mr. Hoffman's Methodology is Reliable...................................................6

    C.     Mr. Hoffman Considered All Material Facts Relating
        to AstraZeneca's Revenues........................................................................9

    D.     **REDACTED** ...........................................12

II    MR. HOFFMAN'S TESTIMONY WILL ASSIST THE
    TRIER OF FACT..............................................................................................13

CONCLUSION...........................................................................................................15

**Table of Authorities**

**Page**

### CASES

3M Innovative Properties Co. v. Dupont Dow Elastomers LLC,
361 F. Supp. 2d 958 (D. Minn. 2005)..........................................................................12

ALPO Petfoods, Inc. v. Ralston Purina Co.,
913 F.2d 958 (D.C. Cir. 1990)..................................................................................10

Bazemore v. Friday,
478 U.S. 385 (1986)................................................................................................10

Castrol, Inc. v. Pennzoil Quaker State Co.,
169 F. Supp. 2d 332 (D.N.J. 2001) ............................................................................11

Coleman v. Dydula,
139 F. Supp. 2d 388 (W.D.N.Y. 2001) ............................................................... passim

Daubert v. Merrell Dow Pharm., Inc.,
509 U.S. 579 (1993)............................................................................................. passim

Jahn v. Equine Serv., PSC,
233 F.3d 382 (6th Cir. 2000) ....................................................................................10

Kumho Tire Co., Ltd. v. Carmichael,
526 U.S. 137 (1999)......................................................................................1, 5, 6, 8

Nikkal Industries, Ltd. v. Salton, Inc.,
735 F. Supp. 1227 (S.D.N.Y. 1990)............................................................................12

Oddi v. Ford Motor Co.,
234 F.3d at 145 ......................................................................................................13

In re Paoli R.R. Yard PCB Litig.,
35 F.3d 717 (3d Cir. 1994)...........................................................................7, 10, 13

Schneider v. Fried,
320 F.3d 396 (3d Cir. 2003)......................................................................................13

Stecyk v. Bell Helicopter Textron, Inc.,
295 F.3d 408 (3d Cir. 2002)......................................................................................11

In re TMI Litig.,
193 F.3d 613 (3d Cir. 1999).................................................................................7, 13

**Table of Authorities**
(continued)

**Page**

United States v. Mathis,
    264 F.3d 321 (3d Cir. 2001)................................................................14

Zic v. Italian Government Travel Office,
    130 F. Supp. 2d 991 (N.D. Ill. 2001) ............................................6, 7, 14

## OTHER AUTHORITIES

Federal Rules of Evidence Rule 702,
    Advisory Committee Notes......................................................................6

## INTRODUCTION

TAP submits this answering brief in opposition to AstraZeneca's motion to exclude the testimony of Creighton G. Hoffman.

AstraZeneca does not dispute Mr. Hoffman's qualifications as an expert. AstraZeneca's primary criticism, posited several different but equally unavailing ways, is that Mr. Hoffman did not employ a multiple regression analysis or other statistical tool to measure damages, but instead performed a "simple mathematical exercise". Not a single court has found that damage testimony without the use of a formal economic tool is inadmissible. Indeed, such a holding would be contrary to Kumho Tire and its progeny within the Third Circuit.

In addition to utilizing a reliable methodology, Mr. Hoffman considered all of the relevant and material factors that could have positively influenced AstraZeneca's revenues. AstraZeneca's arguments to the contrary are based on inaccurate and isolated pieces of Mr. Hoffman's deposition testimony and his decision not to use a multiple regression analysis to measure the impact of each factor (E.g., AstraZeneca Br. at 2, 13-19, 21). Mr. Hoffman considered each factor identified by AstraZeneca; that he did not reach a conclusion favorable to AstraZeneca does not undermine his analysis.

Hence, AstraZeneca's motion is nothing more than a veiled attack on the weight of Mr. Hoffman's testimony, not its admissibility. Accordingly, AstraZeneca's arguments should be made by way of cross-examination and the introduction of contradictory testimony. The motion to exclude Mr. Hoffman's testimony should be denied.

## SUMMARY OF EXPERTISE AND OPINION

Creighton G. Hoffman is a Certified Public Accountant and a principal of Hoffman Alvary & Company LLC. He has extensive experience, over thirty-five years worth, in cost accounting and the calculation of profitability. Mr. Hoffman has previously testified as a damages expert in cases involving false advertising under the Lanham Act

he also has experience analyzing the prescription PPI market **REDACTED**

Mr. Hoffman is undoubtedly qualified to draw on his thirty-five years of experience to analyze AstraZeneca's corporate financial documents and determine whether and how much of its profits are attributable to the false advertising.

**REDACTED**

Mr. Hoffman formed this opinion after reviewing more than 250 documents consisting of tens of thousands of pages produced in the course of discovery **REDACTED** Mr. Hoffman also conducted his own research of publicly available documents. In addition, Mr. Hoffman and others at his direction performed more than 200 hours of universally accepted economic and mathematical business analysis.

**REDACTED**

**REDACTED**

REDACTED

## ARGUMENT

### I

## MR. HOFFMAN'S TESTIMONY IS RELIABLE

AstraZeneca's motion consists of a single baseless argument cast in several different ways: because Mr. Hoffman did not perform a multiple regression analysis or employ another formal economic or statistical tool (which AstraZeneca fails to identify), his testimony should be excluded. Yet, not a single case supports AstraZeneca's argument that a regression analysis or other formal model must be used by an economic expert to offer admissible testimony. To the contrary, the cases allow expert testimony based on the type of analysis performed by Mr. Hoffman.

**REDACTED**

A. ***Daubert* Does Not Mandate the Use of a Formal Economic Model**

AstraZeneca belabors the fact that Mr. Hoffman chose not to use a multiple regression analysis to calculate TAP's damages (Br. at 1, 2, 17, 18, 19, 27). Yet not a single court has held that a multiple regression analysis is necessary for an expert's testimony on damages to be deemed reliable. In fact, the Supreme Court has eschewed the use of such rigid requirements for nonscientific technical experts. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) (trial courts should ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field"). In the context of economic analyses "what matters is that [the expert] has used an objective method with a traceable analytical basis." Coleman v. Dydula, 139 F. Supp. 2d 388, 395 (W.D.N.Y. 2001) (denying motion to exclude expert testimony where expert's techniques

derived from "standard, fundamental, rudimentary, run-of-the-mill" economic and mathematical principles rather than formal economic model); <u>Zic</u> v. <u>Italian Government Travel Office</u>, 130 F. Supp. 2d 991, 1000 (N.D. Ill. 2001) (finding damages testimony does not require intellectually sophisticated methodologies, "grade school arithmetic" is "certainly reliable") (citing <u>Schiller & Schmidt, Inc.</u> v. <u>Nordisco Corp.</u>, 969 F.2d 410, 415 (7th Cir. 1992)).

Although AstraZeneca equates the decision not to use a multiple regression analysis with "junk economics" (Br. at 28), the Supreme Court and the Advisory Committee on the Federal Rules of Evidence would likely disagree. The Supreme Court explicitly allows for expert testimony to be deemed reliable without the use of a rigid formula or methodology: "an expert might draw a conclusion from a set of observations based on extensive and specialized experience." <u>Kumho Tire</u>, 526 U.S. at 156. Similarly, the Advisory Committee has concluded that "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Federal Rules of Evidence Rule 702, Advisory Committee Notes.

Despite AstraZeneca's arguments, the use of a multiple regression analysis or any other formal economic or statistical tool is not a prerequisite for admissibility. The sound mathematical and economic empirical analysis performed by Mr. Hoffman easily satisfies the reliability requirement of <u>Daubert</u>.

B.     <u>Mr. Hoffman's Methodology is Reliable</u>

Mr. Hoffman used accounting principles, which includes arithmetic, to empirically analyze the damages sustained by TAP. His analysis was not "mere unsupported speculation," but has a clear, "traceable analytic basis" in fact, <u>Coleman</u>, 139 F. Supp. 2d at 395.

# REDACTED

# REDACTED

Courts have accepted the type of economic analysis done by Mr. Hoffman when determining the amount of profits in support of a damages calculation as reliable. <u>Coleman</u>, 139 F. Supp. 2d at 395; <u>Zic</u>, 130 F. Supp. 2d at 999-1000. In <u>Zic</u>, the court noted that the expert's report "consists of ten pages of calculations" of damages "with adjustments for cost of living, social security and periodic salary increases". The Court went on to determine that even though it disagreed with the plaintiff's categorization of these calculations as "simple arithmetic," the methodology consisted of the same calculations that were being categorized as "grade school arithmetic," and as such would be reliable.

Moreover, "the standard for determining reliability is not that high, even given the evidentiary gauntlet facing the proponent of expert testimony under Rule 702." <u>In re TMI Litig.</u>, 193 F.3d 613, 665 (3d Cir. 1999) (internal quotation omitted). Courts do not require the use of a specific methodology, and the grounds for an expert's opinion do not have to be perfect. <u>See In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 744 (3d Cir. 1994); <u>In re TMI</u>, 193 F.3d at 665. In fact, "an expert's opinion may still be based on 'good grounds' even if [a court] think[s] that there are better grounds for some alternative conclusion." <u>Id.</u> at 665.

# REDACTED

AstraZeneca attempts to further discredit Mr. Hoffman's methodology on the basis that it has not been published in a peer-reviewed publication (Br. at 28). But, it is well-established that the Daubert factors, including publication, do not necessarily apply in every instance. As the Supreme Court said in Kumho Tire, 526 U.S. at 150-51:

> "The conclusion, in our view, is that we can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in Daubert, nor can we now do so for subsets of cases categorized by category of expert or by kind of evidence. Too much depends upon the particular circumstances of the particular case at issue."

Accord: Coleman, 130 F. Supp. 2d at 394 (none of the "factors is a sine qua non of reliability"). Instead, Kuhmo has made clear that the objective is to "ensure the reliability and relevancy" of the testimony by making certain that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire at 152. This gives the trial court the leeway to determine the factors with which to judge relevancy and reliability in each particular case.

Here, not only did Mr. Hoffman explain why his analysis was appropriate, he explained why he chose *not* to use a multiple regression analysis

**REDACTED**

8

The sound mathematical and economic empirical analysis performed by Mr. Hoffman, which is based on thirty-five years of experience in the area of cost accounting and the calculation of profitability, satisfies the reliability requirement of Daubert.

### C.    Mr. Hoffman Considered All Material Facts Relating to AstraZeneca's Revenues

REDACTED

---

¹

REDACTED

9

**REDACTED**

Rule 702 focuses "solely on principles and methodology, not on the conclusions that they generate." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595 (1993). That AstraZeneca does not agree with Mr. Hoffman's opinion does not render it unreliable or inadmissible.

AstraZeneca also argues that Mr. Hoffman did not consider other additional factors and submits declarations in support of these other factors. But, courts do not require an expert to eliminate all possible factors. See Paoli, 25 F.3d at 744; Jahn v. Equine Serv., PSC, 233 F.3d 382, 390 (6th Cir. 2000) ("In order to be admissible on the issue of causation, an expert's testimony need not eliminate all other possible causes of the injury."); ALPO Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 969 (D.C. Cir. 1990) ("When assessing these actual damages, the district court may take into account the difficulty of proving an exact amount of damages from false advertising, as well as the maxim that 'the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.'") (internal quotations and citations omitted). See also Bazemore v. Friday, 478 U.S. 385, 400 (1986) (finding that failure to include variables will normally affect analysis' probativeness, not its admissibility).

Moreover, several of the factors AstraZeneca claims Mr. Hoffman failed to consider derive from statements in the declarations submitted with its motion, some of which even conflict with testimony given by the witnesses at their depositions.

**REDACTED**

# REDACTED

Putting aside whether any of the "Better is Better" advertising was true, and whether those "true" claims could be unlinked from the rest of the advertising, this notion is not supported by the language of the Lanham Act or by any court applying the Lanham Act in a false advertising case. In fact, in Castrol, Inc. v. Pennzoil Quaker State Co., 169 F. Supp. 2d 332, 343 (D.N.J. 2001), a case cited by AstraZeneca (Br. at 23), the court found that the defendant's increase in profits was "causally related to Pennzoil's multimedia advertising campaign," not to the false and misleading claims within the individual ads that comprise the false and misleading campaign (emphasis added).

In any event, any factors that AstraZeneca contends that Mr. Hoffman did not consider can be inquired into on cross-examination. "[T]he burden of exploring the facts and assumptions underlying the testimony of an expert witness [is] on opposing counsel during cross-examination." Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002); Coleman, 139 F. Supp. 2d at 396 (disagreements as to whether an expert used the "wrong method" or reached the "wrong conclusion" are "best left to cross-examination"). AstraZeneca is

11

equally free to cross-examine Mr. Hoffman with any factors it believes he should have, but did not, consider.

Finally, the deluge of cases cited by AstraZeneca on pages 23-26 of its brief are inapposite; all of them stand for the proposition that an expert cannot assume causation without any analysis. For example, AstraZeneca relies on <u>Nikkal Industries, Ltd.</u> v. <u>Salton, Inc.</u>, 735 F. Supp. 1227 (S.D.N.Y. 1990) for the proposition that an expert's testimony should be excluded when he does not provide for the impact of significant factors (Br. at 24-25). Not only did the expert in that case not include in his analysis certain facts that may have affected the outcome, he engaged in a wholesale assumption that the only cause of the plaintiff's decline in profits was the action of the defendant. <u>Nikkal</u>, 735 F. Supp. at 1233. A similar blanket assumption was made without any analysis in <u>3M Innovative Properties Co.</u> v. <u>Dupont Dow Elastomers LLC</u>, 361 F. Supp. 2d 958, 973 (D. Minn. 2005), and the remaining cases cited by AstraZeneca (Br. at 25-26). Not one of these cases is factually analogous to the instant case, and AstraZeneca cannot credibly argue otherwise. Here, Mr. Hoffman and his associates engaged in hundreds of hours of analysis of thousands of documents, clearly weighing all of the factors

**REDACTED**

**D.**

**REDACTED**

AstraZeneca does not identify what kind of economic analysis it contemplates being performed to select a base period;

**REDACTED**

# REDACTED

. Even AstraZeneca's

own expert does not conduct any analysis using a different methodology or time period. It is

well-established that the presence of a competing theory or view does not render one admissible

and the other invalid. The focus in a <u>Daubert</u> analysis "is not on determining which of several

competing scientific theories has the best provenance . . . but on determining whether the opinion

is based on valid reasoning and reliable methodology." <u>In re TMI Litig.</u>, 193 F.3d at 682

(internal quotations and citations omitted).

# REDACTED

That explanation has a

traceable analytical basis. <u>See Coleman</u>, 139 F. Supp. 2d at 395. Accordingly, the argument to

exclude Mr. Hoffman's testimony on this ground should be rejected.

## II

## <u>MR. HOFFMAN'S TESTIMONY WILL ASSIST THE TRIER OF FACT</u>

Mr. Hoffman's testimony fits the facts of the case and will assist the trier of fact.

<u>See In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 743 (3d Cir. 1994). There is a clear nexus

between the disputed factual issue of damages and the analysis proffered by Mr. Hoffman. <u>See</u>

<u>id.</u>; <u>Schneider</u> v. <u>Fried</u>, 320 F.3d 396, 405 (3d Cir. 2003). This requirement, as with reliability, is

"not intended to be a high one." <u>Oddi</u> v. <u>Ford Motor Co.</u>, 234 F.3d, 136, 145. The "principle is

not dissimilar to the Federal Rules' general provision that, unless otherwise specified, all relevant

evidence is admissible and evidence which is not relevant is not admissible." <u>United States</u> v.

13

Mathis, 264 F.3d 321, 335-36 (3d Cir. 2001) (internal quotations and citations omitted).

Mr. Hoffman's testimony meets this standard. His testimony is relevant to the issue of damages. Indeed, AstraZeneca does not make any substantive arguments to the contrary (Br. at 26). And despite AstraZeneca's characterization of Mr. Hoffman's analysis as a "simple mathematical exercise," the analysis done is not within the purview of the average juror and would be helpful to the trier of fact. Zic, 130 F. Supp. 2d at 1000 (finding that an accountant "has specialized knowledge that would be helpful to a jury in calculating the appropriate amount of damages").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to exclude the testimony of

Creighton G. Hoffman should be denied.

ASHBY & GEDDES

/s/ John G. Day

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for TAP Pharmaceutical Products Inc.*

*Of Counsel:*

Thomas C. Morrison
Karla G. Sanchez
Laura Storto
Amanda K. Kay
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

George C. Kokkines
Associate Senior Counsel -- Litigation
TAP Pharmaceutical Products Inc.

Dated: January 12, 2005
165589.1

15

# EXHIBIT 1

# REDACTED IN FULL

# EXHIBIT 2

# REDACTED
# IN FULL

# EXHIBIT 3

# REDACTED IN FULL

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2006, the attached **REDACTED**

**PUBLIC VERSION OF TAP PHARMACEUTICAL PRODUCTS INC.'S ANSWERING**

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE**

**TESTIMONY OF CREIGHTON G. HOFFMAN** was served upon the below-named counsel

of record at the address and in the manner indicated:

Josy W. Ingersoll, Esquire                                        HAND DELIVERY
Young Conaway Stargatt & Taylor
1000 West Street
17th Floor
Wilmington, DE  19801

Harold P. Weinberger, Esquire                            VIA FEDERAL EXPRESS
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036


                                                        /s/ Lauren E. Maguire
                                                        _____
                                                        Lauren E. Maguire