IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, | ) |
| | ) |
| Plaintiff, | ) REDACTED |
| | ) |
| vs. | ) C.A. No. 04-1332-KAJ |
| | ) |
| TAP PHARMACEUTICAL PRODUCTS, INC., | ) ~~CONFIDENTIAL – FILED~~ |
| | ) ~~UNDER SEAL~~ |
| Defendant. | ) |

**REPLY BRIEF OF PLAINTIFF ASTRAZENECA LP IN
FURTHER SUPPORT OF ITS MOTION TO STRIKE THE JURY
<u>DEMAND OF DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.</u>**

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

Attorneys for AstraZeneca LP

Of Counsel:

Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: January 31, 2006

DB01:1978477.1                                                                  057159.1005

**REDACTED -- Public Version, filed 2/7/2006**

Table of Contents

Table of Authorities .................................................................................................. ii

Preliminary Statement ............................................................................................... 1

Argument .................................................................................................................. 2

Point 1  DISGORGEMENT IS AN EQUITABLE REMEDY THAT
        DOES NOT ENTITLE TAP TO A JURY TRIAL ..................................... 2

Point 2  TAP IS NOT ENTITLED TO A JURY TRIAL WITH RESPECT TO THE
        "COST OF ASTRAZENECA'S ADVERTISING CAMPAIGN" .................. 8

Conclusion ............................................................................................................... 10

Table of Authorities

Cases:

*Alpo Petfoods, Inc. v. Ralston Purina Co.*,
    720 F. Supp. 194 (D.D.C. 1989) ................................................................................ 9

*Alpo Petfood, Inc. v. Ralston Purina Co.*,
    913 F.2d 958 (D.C. Cir. 1990) ................................................................................. 10

*American Cyanamid Co. v. Sterling Drug, Inc.*,
    649 F. Supp. 784 (D.N.J. 1986) ............................................................................ 6, 7, 8

*Castrol, Inc. v. Pennzoil Quaker State Co.*,
    169 F. Supp. 2d 332 (D.N.J. 2001) ........................................................................... 7, 8

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) .......................................... 1, 2, 4, 5, 6, 8

*G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*,
    888 F. Supp. 44 (S.D.N.Y. 1995) ................................................................................. 7

*Gillette Co. v. Wilkinson Sword, Inc.*,
    No. 89 CV 3586, 1992 WL. 30938 (S.D.N.Y. Feb. 3, 1992) ...................................... 8, 9

*Kennedy v. Lakso*,
    414 F.2d 1249 (3d Cir. 1969) ..................................................................................... 6

*Newfound Management Corp. v. Lewis*,
    131 F.3d 108 (3d Cir. 1997) .................................................................................... 4, 5

*Oxford Industries, Inc. v. Hartmarx Corp.*,
    15 U.S.P.Q. 2d 1648 (N.D. Ill. 1990) ......................................................................... 5

*U-Haul Int'l, Inc. v. Jartran, Inc.*,
    793 F.2d 1034 (9th Cir. 1986) ............................................................................... 9, 10

*Vulcan Print Media, Inc. v. Las Vegas Sports News, L.L.C.*,
    No. 98-CV-5768, 2001 U.S. Dist. LEXIS 24206 (E.D. Pa. Nov. 19, 2001) ............... 7, 8

Statutes:

15 U.S.C. § 1117(a) ........................................................................................................ 8

Preliminary Statement

Plaintiff AstraZeneca LP ("AstraZeneca") respectfully submits this reply brief in further support of its motion to strike the jury demand of defendant TAP Pharmaceutical Products, Inc. ("TAP"), pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, on the ground that TAP has elected to pursue only disgorgement of AstraZeneca's profits, an equitable remedy, rather than its own damages.

In its Opening Brief, AstraZeneca showed that TAP is not entitled to a jury trial because (i) the right to a jury trial does not attach to claims for equitable relief, (ii) recovery of defendant's profits is a form of equitable relief, and (iii) the only relief TAP seeks in this action is recovery of AstraZeneca's alleged ill-gotten profits. (AstraZeneca's Opening Brief in Support of its Motion to Strike the Jury Demand of Defendant TAP Pharmaceutical Products, Inc. ("Op. Br.") at 1). In its response, TAP does not dispute that it is not seeking its own damages. Nor does it dispute that disgorgement in the form of recovery of a defendant's ill-gotten profits is typically an equitable remedy that does not support the right to a jury trial. (TAP Br. at 7). Instead, it puts forth two arguments purportedly supporting its right to a jury trial on its claim for AstraZeneca's profits.

TAP's first argument is one that has been made and repeatedly rejected by courts in this Circuit. Specifically, TAP cites to the Supreme Court's holding in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) as supporting a right to a jury trial for claims of disgorgement under the trademark laws. As recognized by courts in this Circuit, *Dairy Queen* does not support a right to a jury trial for a disgorgement claim standing alone. Rather, *Dairy Queen* stands for the proposition that when a party seeks *both* damages and an accounting, the right to a jury trial

attaches. Here, because TAP seeks AstraZeneca's profits only, *Dairy Queen* is inapposite and the cases cited by AstraZeneca in its Opening Brief (at 4-6) — all of which featured claims for recovery of a Lanham Act defendant's profits only — remain controlling. Indeed, *every* reported case in this Circuit that has addressed this issue has held that a claim for profits under the Lanham Act is equitable in nature and does not support the right to a jury trial.

TAP's second argument, buried at the end of its opposition, is equally unavailing. TAP claims that it is entitled to a jury trial because it also seeks AstraZeneca's advertising expenses as damages. There is no basis for such an award under the Lanham Act, which specifically limits recovery to either plaintiff's damages or defendant's profits. Moreover, the cases cited by TAP as supporting a claim for advertising expenses treated such expenses as merely a surrogate for the defendants' profits — an equitable remedy — and were not tried to a jury.

In short, there is no authority supporting TAP's right to a jury trial on its sole claim for equitable relief.

Argument

Point 1

DISGORGEMENT IS AN EQUITABLE REMEDY
THAT DOES NOT ENTITLE TAP TO A JURY TRIAL

In this action, TAP seeks only recovery of AstraZeneca profits.

REDACTED

**REDACTED -- Public Version, filed 2/7/2006**

REDACTED

DB01:1978477.1                                                                                                                          057159.1005

TAP has submitted no other expert analysis, report or opinion concerning its alleged damages attributable to AstraZeneca's Better advertising.

REDACTED

As shown by AstraZeneca in its Opening Brief, disgorgement is an equitable remedy that does not support the right to a jury trial. (*See* Op. Br. at 4). TAP attempts to circumvent this rule by citation to cases addressing whether a right to a jury exists when equitable and legal claims are considered together. (TAP Br. at 3-7). Such cases are readily distinguishable on that basis and are fully consistent with the uniform authority within this Circuit holding that claims for disgorgement under the Lanham Act are properly tried by the court, not by juries.

TAP places principal reliance on *Dairy Queen* as "establishing the right to trial by jury in unfair competition cases where a monetary recovery is sought." (TAP Br. at 4). TAP neglects two critical distinctions between *Dairy Queen* and this case (and the cases cited in AstraZeneca's Opening Brief). First, in *Dairy Queen,* the plaintiff did not seek only equitable relief, but rather sought an accounting of amounts due under a contract together with damages for infringement. Because *Dairy Queen* did not address a claim solely for equitable relief it cannot, and does not, establish a right to trial by jury when, as here, a plaintiff seeks only solely equitable relief. *See also Newfound Management Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997) (characterizing *Dairy Queen* as standing for the rule that "where equitable and legal claims are joined in the same action, there is a right to jury trial . . .") (citations omitted).

Second, in *Dairy Queen* the Court noted that the exact nature of the respondent's claim was unclear but could be characterized as (i) a claim for debt due under a contract plus

*damages* for infringement from the date of the breach of contract, or (ii) a claim for debt due under the contract plus *damages* for trademark infringement even before the date of breach, or (iii) a claim based solely on breach of contract, or (iv) an action for *damages* based upon a charge of trademark infringement. Regardless of the appropriate characterization, which the Supreme Court specifically did not decide, it is clear that the accounting sought by the petitioner applied only to the contract claim, not the trademark claim, which the Supreme Court described as a claim for damages on at least three separate occasions. *Id.* at 476-477. Thus, the requested accounting was not for the purposes of establishing defendant's profits under the Lanham Act, but to determine "the exact amount of money owing by petitioner" under the contract. *Id.* at 475. The Supreme Court thus held that it is "plain that their claim for a money judgment is a claim wholly legal in its nature however the complaint is construed." *Id.* at 477. *Dairy Queen* is simply incapable of standing for TAP's asserted rule that disgorgement is no longer an equitable remedy when sought under the Lanham Act.

TAP also places great reliance on *Oxford Industries, Inc. v. Hartmarx Corp.*, 15 U.S.P.Q. 2d 1648 (N.D. Ill. 1990), a magistrate judge's opinion from a different Circuit. In that case, the magistrate judge ignored the fact that *Dairy Queen* was predicated on a contractual relationship between the parties and incorrectly stated that "*Dairy Queen* did not distinguish between a claim for damages and a claim for profits." 15 U.S.P.Q. 2d at 1653. As noted above, while *Dairy Queen* may not have distinguished between a claim for damages and a claim for money due under a contract, it does not support a rule entitling litigants to a jury trial on disgorgement claims unaccompanied by damage claims.

Finally, the only Third Circuit case TAP cites is *Kennedy v. Lakso*, 414 F.2d 1249 (3d Cir. 1969), but TAP concedes that in that case, as in *Dairy Queen*, the plaintiff sought damages as well as profits and injunctive relief. (TAP Br. at 5).

In contrast to the cases cited by TAP are Lanham Act cases from within this Circuit cited by AstraZeneca in its Opening Brief (at 5-6) that hold that claims for defendants' profits are equitable in nature and do not support entitlement to a trial by jury. Indeed, in *American Cyanamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784, 788 (D.N.J. 1986), the plaintiff made the exact same arguments and relied on the exact same cases (including both *Dairy Queen* and *Kennedy*) that TAP now asserts in support of its position. That position was rejected by the court, which held that recovery of a Lanham Act defendant's ill-gotten profits is equitable, and that when only that relief is sought, there is no right to a jury trial. The court distinguished *Dairy Queen* and *Kennedy* because they involved claims for both damages and profits and held that there was no right to a jury trial because "unlike plaintiffs in the cases it relies upon, American Cyanamid has limited its recovery only to Sterling Drug's allegedly unjust profits." 649 F. Supp. at 789.

TAP's response is to argue that "it is doubtful that *American Cyanamid* is still good law because its distinction between 'profits' and 'damages' in trademark cases is inconsistent with the Supreme Court's ruling in *Dairy Queen*." (TAP Br. at 8). *American Cyanamid* was decided 24 years after *Dairy Queen*. *Dairy Queen* could not have rendered *American Cyanamid* "bad law."[1] This is clear from review of the more recent cases cited by

---

[1] In addition, since *Dairy Queen* addressed a request for an accounting of money due under a contract, it does not render as "bad law" cases addressing the right to a jury trial for a defendant's profits in Lanham Act false advertising suits.

AstraZeneca, such as *Castrol, Inc. v. Pennzoil Quaker State Co.*, 169 F. Supp. 2d 332, 344 (D.N.J. 2001) (Op. Br. at 5), where the court specifically relied on *American Cyanamid* and its rejection of the cases TAP cites here to hold that "the Lanham Act recognizes claims for profits and claims for damages as being distinct" and that the right to a jury trial attaches to the latter, but not the former. TAP's attempt to distinguish *Castrol* is particularly curious as TAP contends that the "*Castrol* court followed the logic of *American Cyanamid*, drawing a distinction that does not exist in the case at bar — that plaintiff sought only disgorgement of profits and not damages." (TAP Br. at 9). Here, just as in *Castrol* and *American Cyanamid*, TAP seeks disgorgement of profits only. Accordingly, the distinction made by *Castrol* and *American Cyanamid* not only "exists" but is directly applicable to this case.[2]

Finally, in its Opening Brief, AstraZeneca cited a third case, *Vulcan Print Media, Inc. v. Las Vegas Sports News, L.L.C.*, No. 98-CV-5768, 2001 U.S. Dist. LEXIS 24206, at *3-*4, (E.D. Pa. Nov. 19, 2001) (Op. Br. at 6), in which the court held that in a Lanham Act case, "a claim for disgorgement of profits is indeed equitable in nature and, thus, not suitable for a jury." TAP does not even attempt to distinguish *Vulcan*. *See also G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 46 (S.D.N.Y. 1995) (no right to jury trial for

---

[2] TAP also argues that *Castrol* does not apply because in that case Pennzoil had not asserted a right to a jury trial at the case management conference whereas here, "the probability of a jury trial was specifically discussed in the scheduling conference conducted by telephone on January 10, 2005." (TAP Br. at 9). It was not until TAP's damages expert Mr. Hoffman submitted his report nine months later in October 2005 and confirmed in his deposition in November 2005 that TAP was seeking only disgorgement of AstraZeneca's profits that AstraZeneca first learned what relief TAP was seeking, at which point AstraZeneca promptly filed this motion. What transpired in a conference nearly a full year earlier does not salvage TAP's right to a jury.

Lanham Act plaintiff's claim for defendant's profits; court distinguishes *Dairy Queen*, where "the predominant claim was for breach of contract and not for equitable relief").

*American Cyanamid*, *Castrol* and *Vulcan*, all from within this Circuit and all of which post-date *Dairy Queen*, were correctly decided, particularly in light of the text of the Lanham Act statute. The remedies section makes clear that "damages" and "profits" are distinct: subject to principles of equity, when Lanham Act violations have been established, the aggrieved party may recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). While a jury trial may be appropriate for a damage claim, it is not appropriate for the equitable claim of recovery of defendant's profits. *See American Cyanamid*, 649 F. Supp. at 789 (cases following *Dairy Queen* "involving claims for both damages and unjust profits . . . cannot be interpreted as blurring the two claims and rendering legal an otherwise purely equitable claim for profits.").

Point 2

TAP IS NOT ENTITLED TO A JURY TRIAL WITH RESPECT TO
THE "COST OF ASTRAZENECA'S ADVERTISING CAMPAIGN"

TAP contends that it is entitled to a jury trial as well because it is also seeking "damages" as measured by the amount AstraZeneca spent on its Better campaign. (TAP Br. at 9-10). This argument is wrong for at least two reasons.

First, TAP's claim is based on a remedy that is not set forth in the Lanham Act. Most courts have held that the Lanham Act does not provide for damages predicated on the amount of money that the advertiser spent on the alleged false advertising. *See Gillette Co. v.*

*Wilkinson Sword, Inc.*, No. 89 CV 3586, 1992 WL 30938, at *5 (S.D.N.Y. Feb. 3, 1992) ("[w]e believe there is no statutory basis for a cost-of-advertising measure" of damages or profits.).[3]

Second, even those few cases that recognize this remedy do not support TAP's jury demand. In both cases cited by TAP, the cost-of-advertising measure was applied as a surrogate for the advertiser's profits — an equitable remedy, as set forth in Point 1 above — not for the injured party's damages. In *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1042 (9th Cir. 1986) (TAP Br. at 10), the Ninth Circuit Court of Appeals affirmed the district court's award of the cost of the defendant's advertising, stating that "[t]he amount to be awarded is the financial benefit [defendant] received because of the advertising." The cost of the advertising did not represent damages suffered by the plaintiff, but attempted to measure the benefit (i.e. profits) to the advertiser from the advertising, an equitable remedy.[4] In *Alpo Petfoods, Inc. v. Ralston Purina Co.*, 720 F. Supp. 194, 215 (D.D.C. 1989) (TAP Br. at 9-10), the court awarded relief in the form of the cost of defendant's advertising because it was "close to the 11 million dollar adjusted net *profits* Ralston earned from the sales of its Puppy Chow products during the period of its CHD advertising program." (Emphasis added). Indeed, on appeal, the D.C. Circuit reversed the award because recovery of profits was not justified based on the evidence and

---

[3] In addition, AstraZeneca disputes that TAP has timely and properly requested recovery of AstraZeneca's profits as measured by the cost of the Better advertising. In response to AstraZeneca's interrogatories seeking information as to TAP's claimed damages, TAP never identified a recovery amount based on AstraZeneca's cost of advertising, despite its continuing obligation to do so. REDACTED

[4] In *Gillette*, 1992 WL 30938, at *4, the court noted that "*U-Haul's* cost of advertising measure has not been widely adopted, and in any case it was supported in part by the district court and circuit court's alternative rationales for the $20 million award."

therefore, the cost of advertising could not be awarded as it was "a surrogate measure of profits . . . ." *Alpo Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 968 n.9 (D.C. Cir. 1990).

As a surrogate for profits, the claim for the cost of defendant's alleged false advertising is an equitable one, not a legal one. Thus, even if cost-of-advertising provided an appropriate basis for recovery, such a claim would not support entitlement to a jury. Indeed, in both *U-Haul* and *Alpo*, the award was rendered not by a jury but by the court.

## Conclusion

For these reasons, AstraZeneca respectfully requests that the court strike TAP's jury demand.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Plaintiff AstraZeneca LP

Of Counsel:
Harold P. Weinberger
Jonathan M. Wagner
Kerri Ann Law
Jeremy A. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: January 31, 2006