# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

March 2, 2006

**BY CM/ECF & HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    <u>AstraZeneca LP v. TAP Pharmaceutical Products Inc., C.A. No. 04-1332-KAJ</u>

Dear Judge Jordan:

    I am writing on behalf of AstraZeneca LP ("AstraZeneca") to respond to the letter addressed to Your Honor today by Steven Balick on behalf of TAP Pharmaceutical Products Inc. ("TAP"). In his letter, Mr. Balick (i) reiterates TAP's prior arguments with respect to the alleged rights to damages based on AstraZeneca's costs of disseminating the advertising in question and (ii) seeks leave to file an attached submission and a supplemental expert report many months after the close of expert discovery to correct the deficiencies in the original submission of its damages expert, Creighton Hoffman.

    As to the first point, TAP asserts that Mr. Hoffman's testimony should not be excluded because Mr. Hoffman has performed an analysis of AstraZeneca's "cost of advertising" expenses, which TAP claims has "long been recognized" as an appropriate form of "damages" under the Lanham Act. This argument was fully briefed by the parties in connection with AstraZeneca's motion to strike TAP's jury demand. AstraZeneca showed that although Mr. Hoffman in his report noted that AstraZeneca's advertising expenses were $72,690,211 (p.7), he specifically stated that this measure did not correlate to either a benefit to AstraZeneca or a detriment to TAP, thus highlighting the impropriety of using this amount as a basis for an award. AstraZeneca also showed that the lone case on which TAP relies in support of its argument does not represent a "long recognized" rule, but to the contrary, "has not been widely adopted." *Gillette Co. v. Wilkinson Sword, Inc.*, No. 89 CV 3586, 1992 WL 30938, at *4 (S.D.N.Y. Feb. 3, 1992). In fact, there is no support for an award based on a defendant's advertising expenditures

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
March 2, 2006
Page 2

under the Lanham Act. *See id.* at *5 ("[w]e believe there is no statutory basis for a cost-of-advertising measure" of damages or profits).

       With respect to TAP's request for leave to file an additional brief, we respectfully submit that the issues with respect to Mr. Hoffman's report have been thoroughly briefed and argued and that nothing in the new submission provides any information not addressed or capable of having been addressed in those prior briefs and the oral arguments before Your Honor earlier this week. As to the request for a proposed supplemental report, the deadline for expert reports and completion of all discovery in this case has long since passed and that there is no justification whatsoever for this extraordinary relief.

       For these reasons, we respectfully ask that the Court ignore TAP's post-hearing submission and issue a ruling based on the briefs previously submitted by the parties and the hearing on February 28.

                                                          Respectfully submitted,

                                                          John W. Shaw

JWS/prt

cc:   Clerk of the Court (by hand delivery)
       Steven J. Balick, Esquire (by electronic filing & hand delivery)
       Thomas C. Morrison, Esquire (by e-mail)
       Harold P. Weinberger, Esquire (by e-mail)