IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA LP, | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAP PHARMACEUTICAL PRODUCTS INC., | ) | C.A. No. 04-1332-KAJ |
| | ) | |
| Defendant. | ) | |

**MARCH 2, 2006 LETTER FROM STEVEN J. BALICK
TO THE HONORABLE KENT A. JORDAN**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17$^h$ Floor
P.O. Box 1150
Wilmington, Delaware 19899

*Attorneys for Defendant-Counterclaimant
TAP Pharmaceutical Products Inc.*

*Of Counsel:*

Thomas C. Morrison
Karla G. Sanchez
Laura M. Storto
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

George C. Kokkines
TAP Pharmaceutical Products Inc.

Dated: March 9, 2006

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 2, 2006

The Honorable Kent A. Jordan
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

Re:  *AstraZeneca LP v. TAP Pharmaceutical Products Inc.*,
     C.A. No. 04-1332-KAJ

Dear Judge Jordan:

We write to request that the Court consider two issues regarding the Hoffman Damages Report that was discussed at Tuesday's hearing.

1. **TAP's Damages Claims**

At the close of the hearing, Your Honor asked the parties to consider whether it still would make sense to try this case if the Court excludes TAP's damages expert on Daubert grounds, thereby eliminating TAP's damages claim. We are concerned that the Court may have overlooked the fact that TAP has two separate damages claims: (i) its claim for REDACTED in "wrongful" profits and (2) its claim for REDACTED representing the cost to AstraZeneca of its "Better Is Better" campaign.

The second claim is specifically discussed by Mr. Hoffman in his report (p. 7). It is also discussed in our Answering Brief in Opposition to AstraZeneca's Motion to Strike Jury Demand (D.I. 137) (pp. 9-10). As demonstrated in that brief, the advertiser's cost of disseminating the advertising in question has long been recognized as an appropriate measure of false advertising damages – either on the theory that plaintiff incurred damages of at least the amount that defendant expended or that the defendant would have reaped benefits at least equal to the amount it expended. U-Haul Int'l v. Jartran, Inc., 793 F.2d 1034, 1037 (9th Cir. 1986); Alpo PetFoods, Inc. v. Ralston Purina Co., 720 F. Supp. 194 (D.D.C. 1989), rev'd in part on other grounds, 913 F.2d 958 (D.C. Cir. 1990).

In the event the Court grants AstraZeneca's motion regarding the Hoffman report, the Order should not deprive TAP of the opportunity to present a damages claim based on the "amount expended" theory or to utilize Mr. Hoffman to present this claim. TAP should be

The Honorable Kent A. Jordan
March 2, 2006
Page 2

permitted to present evidence based upon this specific portion of Mr. Hoffman's report, as well as upon those portions of his report that do not relate specifically to the lost profits analysis.

**REDACTED**

Accordingly, any order striking Mr. Hoffman's "wrongful profits" analysis should be limited specifically to that aspect of his testimony.

2. **The "Lost Profits" Analysis**

As to whether Mr. Hoffman's "wrongful profits" analysis is inadequate under <u>Daubert</u>, we respectfully request leave to file the attached Post-Argument Submission. This short submission shows that prior to Mr. Hoffman's preparation of his report, AstraZeneca's 30(b)(6) witnesses identified only      factors beyond the "Better Is Better" advertising campaign that contributed to      **REDACTED**      and it further shows that Mr. Hoffman analyzed each of these factors in his report and/or deposition. The numerous other factors that AstraZeneca now identifies in its brief were <u>not</u> identified by its Rule 30(b)(6) witnesses in their depositions, and it was for that reason that they were not addressed by Mr. Hoffman in his report. In the event that the Court believes that these additional factors are relevant to AstraZeneca's motion, we respectfully request leave to submit a supplemental report from Mr. Hoffman addressing those factors. Given that the trial date is now a full seven months away, there is ample time to give Mr. Hoffman an opportunity to satisfy any remaining concerns that the Court has, without in any way jeopardizing the case schedule or prejudicing AstraZeneca.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/dmf
Attachment
167184.1

cc:   Josy W. Ingersoll, Esquire (via electronic mail; w/attachment)
      Harold P. Weinberger, Esquire (via electronic mail; w/attachment)
      Thomas C. Morrison, Esquire (via electronic mail; w/attachment)

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2006, the attached **REDACTED PUBLIC VERSION OF THE MARCH 2, 2006 LETTER FROM STEVEN J. BALICK TO THE HONORABLE KENT A. JORDAN** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Harold P. Weinberger, Esquire<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | **VIA FEDERAL EXPRESS** |

/s/ Lauren E. Maguire
_____
Lauren E. Maguire