IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA LP, | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1332-KAJ |
| | ) | |
| TAP PHARMACEUTICAL PRODUCTS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## TAP'S POST-ARGUMENT SUBMISSION IN FURTHER OPPOSITION TO ASTRAZENECA'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF CREIGHTON HOFFMAN

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17ʰ Floor
P.O. Box 1150
Wilmington, Delaware 19899

*Attorneys for Defendant-Counterclaimant
TAP Pharmaceutical Products Inc.*

*Of Counsel:*

Thomas C. Morrison
Karla G. Sanchez
Laura M. Storto
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

George C. Kokkines
TAP Pharmaceutical Products Inc.

Dated: March 9, 2006

During the February 28, 2006 oral argument, the Court questioned the sufficiency of Mr. Hoffman's explanations for why factors identified by AstraZeneca did not explain its **REDACTED**       With this submission we intend to demonstrate that prior to Mr. Hoffman's preparation of his report, AstraZeneca's 30(b)(6) witnesses identified only

**REDACTED**                                   Mr. Hoffman analyzed

, and in his report and deposition explained his reasoning for dismissing each one.  The numerous new factors identified for the first time by AstraZeneca in its motion papers were not identified by its Rule 30(b)(6) witnesses and thus were not addressed by Mr. Hoffman in his report.  In the event the Court finds that these new factors are relevant to AstraZeneca's motion, we respectfully request leave to submit a supplemental report addressing those factors.

## I.      Rule 30(b)(6) Depositions

In August 2005, TAP served a 30(b)(6) deposition notice on AstraZeneca requesting testimony on a number of issues necessary for rendering a damages opinion.

**REDACTED**

Mr. Hoffman reviewed and relied on AstraZeneca's witnesses in forming his opinions.  However, much of the information provided by AstraZeneca in its motion papers was not provided during these 30(b)(6) depositions or otherwise in discovery.  For the factors that were provided, TAP submits that Mr. Hoffman adequately addressed them.

## II.     Mr. Hoffman's Consideration of Factors Advanced By the 30(b)(6) Witnesses

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**                          As such, Mr. Hoffman

should be permitted to provide this part of his opinion.

## IV.    TAP Has a Lesser Burden of Proof For Showing the Amount of Damage Versus the Fact of Damage

It is well-accepted that proving damages in false advertising cases is extremely

difficult. Thus, courts hold plaintiffs to a lesser burden of proof for proving the *amount* of

damages rather than the fact of damages. Moreover, speculation is permitted. As stated in Otis

Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 745 (2d Cir. 1985) (citations omitted):

> "[C]ourts distinguish between the amount of proof needed to show
> 'that some damages were the certain result of the wrong' and the
> amount of proof needed to ascertain the exact amount of damage.
> **The plaintiff is held to a lower burden of proof in ascertaining
> the exact amount of damages** because, '[t]he most elementary
> conceptions of justice and public policy require that the wrongdoer
> shall bear the risk of the uncertainty which his own wrong has
> created.'"

Fact finders are permitted to "take into account the difficulty of proving an exact

amount of damages from false advertising, as well as the maxim that 'the wrongdoer shall bear

the risk of the uncertainty which his own wrong has created.'"  Porous Media Corp. v. Pall Corp.,

110 F.3d 1329, 1336 (8th Cir. 1997) (citing Alpo Petfoods, Inc. v. Ralston Purina Co., 913 F.2d

958, 969 (D.C. Cir. 1990)). A fact finder may "engage in **some degree of speculation**

**concerning the** *amount* of [Lanham Act, Section 43(a) damages]".  Burndy Corp. v. Teledyne

Indus., Inc., 748 F.2d 767, 771 (2d Cir. 1984).

\*        \*        \*

Pursuant to this case law, the Court should provide TAP with some leeway in

proving an actual damages amount. TAP diligently pursued discovery with the intent of

discerning the reasons why Nexium **REDACTED** . TAP asked AstraZeneca to explain why    **REDACTED**

5

**REDACTED**                        Mr. Hoffman reviewed those reasons (along with

hundreds of documents), he discounted them, he explained why he discounted them, his

explanations are rational (and in some cases supported by AstraZeneca's witnesses), and he

provided his own opinions.  AstraZeneca has had sufficient opportunity to flush out those

opinions and will not be prejudiced at trial; as such, Mr. Hoffman's opinions should be allowed.

Further, it would be fundamentally unfair to allow AstraZeneca to now advance new reasons for

**REDACTED**        argue that Mr. Hoffman failed to consider them, and request that his

opinions be excluded.  Thus, to the extent the Court relies on the additional factors now raised by

AstraZeneca, TAP respectfully requests the opportunity for Mr. Hoffman to address them.


                                        ASHBY & GEDDES

                                        _Steven J. Balick_
                                        Steven J. Balick (I.D. #2114)
                                        John G. Day (I.D. #2403)
                                        Lauren E. Maguire (I.D. #4261)
                                        222 Delaware Avenue, 17th Floor
                                        P.O. Box 1150
                                        Wilmington, Delaware 19899
                                        (302) 654-1888

Of Counsel:                             *Attorneys for Tap Pharmaceutical Products Inc.*

Thomas C. Morrison
Karla G. Sanchez
Laura M. Storto
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

George C. Kokkines
TAP Pharmaceutical Products Inc.

Dated:  March 2, 2006

167181.1

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

# REDACTED

# EXHIBIT 3

# REDACTED

# EXHIBIT 4

# REDACTED